**In re Robert E. WILT, Debtor.**

**Bankruptcy No. 86–02394.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 11, 1988.

Gary L. Howe, Toledo, Ohio, for debtor.

Anthony B. DiSalle, Toledo, Ohio, trustee.

Mark R. Tantari, Toledo Trust Co., Toledo, Ohio, for Toledo Trust Co.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Debtor's Objection to the Claims of Toledo Trust Company. At the Hearing, Toledo Trust Company requested the opportunity to file written arguments as to the Court's discretion to allow late filed claims in cases under Chapter 13. Toledo Trust filed a Brief outlining the case law on this subject. The Court has reviewed the arguments of counsel and the relevant case law. Based on that review, and for the following reasons, the Court finds that the late filed claims should be Disallowed.

### FACTS

The facts in this case are not in dispute. On November 5, 1986, the Debtor, Robert E. Wilt, filed his Petition under Chapter 13 of the Bankruptcy Code. The first meeting of creditors was scheduled for December 9, 1986. Accordingly, under Bankruptcy Rule 3002(c), all claims were to be filed on, or before, March 9, 1987. On April 23, 1987, the Toledo Trust Company filed two claims. The first claim was for One Thousand Six Hundred and Ninety-five Dollars and Sixty-seven Cents ($1,695.67), and the second claim was for Four Thousand One Hundred and Sixteen Dollars and Seven Cents ($4,116.07). The claims are unsecured.

As an explanation for their tardy filing, Toledo Trust Company cites the large number of Bankruptcy Notices received by the Bank and a lack of staff people to process the claims. Toledo Truste does not dispute that it received notice.

Prior to the filing of the late claims, Toledo Trust had not filed any other pleading in the case.

Toledo Trust argues that because the Debtor's Plan provides for payment in full of all allowed claims, no creditors of the Debtor will be prejudiced by the Court allowing Toledo Trust's claims. Further, in scheduling the debt to Toledo Trust, the Debtor demonstrated his intention to pay

One Hundred percent (100%) of the Bank's claims. Therefore, the Debtor would not be prejudiced if the claims were allowed. Toledo Trust also asserts that the Debtor would be unjustly enriched if the Court were to disallow the Bank's claims as untimely filed, and such a holding would be prejudicial and detrimental to the Bank.

### LAW

Section 501 of the Bankruptcy Code states that "A creditor ... may filed a proof of claim." Under 11 U.S.C. § 502(a), "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." In the present case, counsel for the Debtor has Objected that Toledo Trust's proof of claim was not timely filed.

Bankruptcy Rule 3002(a) provides:

(a) **Necessity for Filing.** An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 3003, 3004 and 3005.

The time for filing a proof of claim is set forth in Bankruptcy Rule 3002(c), which states:

(c) **Time for Filing.** In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code ...

It should be noted that the criteria for timely filing of a proof of claim uses the mandatory term "shall".

Toledo Trust argues that the Court has discretion to allow an untimely filed claim. However, Bankruptcy Rule 9006(b)(3) specifically restricts the enlargement of time for taking action under Rule 3002(c). The Court may enlarge the time for taking action only to the extent and under the conditions stated in the Rule itself. Rule 3002(c) only allows additional time under the following circumstances:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of a person or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that person or denies or avoids the person's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the Court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract of the debtor may be filed within the time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed.

The above exceptions do not apply to Toledo Trust in this case. Therefore, under the Bankruptcy Rules, the Court cannot enlarge the time for Toledo Trust's claim under Rule 9006(b)(3). This is in accord with the weight of authority.

Issues involving the allowance of claims and timely filing arise in a number of different contexts. In discussing Chapter 13 claims, the Ninth Circuit Bankruptcy Appellate Panel stated, "Rule 3002(c) is in-

tended to provide an absolute bar to claims filed after 90 days after the § 341 meeting." *In re Street,* 55 B.R. 763, 766 (9th Cir. BAP 1985). The majority of other courts which have considered the issue agree. *See In re Ungar,* 70 B.R. 519, 520 (Bankr.E.D.Pa.1987); *In re Furrer,* 67 B.R. 654, 657 (Bankr.E.D.Wis.1986); *In re Key,* 64 B.R. 786, 788 (Bankr.M.D.Tenn. 1986); *In re Goodwin,* 58 B.R. 75, 77 (Bankr.D.Me.1986); *In re Schneider,* 51 B.R. 196, 197 (D.Colo.1984).

Accordingly, the Debtor having Objected to the untimely claims of Toledo Trust, the claims should be disallowed.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Therefore, it is

ORDERED that the Debtor's Objection to the claims of Toledo Trust be, and are hereby, SUSTAINED.

It is FURTHER ORDERED that the Toledo Trust Company's claims for One Thousand Six Hundred and Ninety-five Dollars and Sixty-seven Cents ($1,695.67), and Four Thousand One Hundred and Sixteen Dollars and Seven Cents ($4,116.07) be, and are hereby, DISALLOWED.