**In re Ralph L. WHARRY and Virginia M. Wharry, Debtors.**

**Bankruptcy No. 87–01160.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 31, 1988.

Glenn H. Troth, Paulding, Ohio, for debtors.

Laurie J. Pangle, Toledo, Ohio, for Toledo Trust.

Suzanne C. Mandross, Toledo, Ohio, Trustee.

Stephen E. Hubbard, Defiance, Ohio, for Defiance Landmark State Bank and Trust Bldg.

## OPINION AND ORDER DISALLOWING PROOF OF CLAIM

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon objections of Debtors, Defiance Landmark, Inc. and the trustee to the proofs of claim filed by the Toledo Trust Company. Upon consideration thereof, the court finds that said objections are well taken and should be sustained and that Toledo Trust may not share as an unsecured creditor under Debtors' chapter 12 plan.

## FACTS

On May 26, 1987, Debtors filed their voluntary petition under chapter 12 of title 11. Debtors listed the Toledo Trust Corp., now Trustcorp., Bank, Ohio (hereinafter Toledo Trust) as a creditor having security. Debtors' Petition, Schedule A-2 (May 26, 1987). On June 4, 1987, an order was entered scheduling the meeting of creditors, pursuant to 11 U.S.C. § 341, for July 2, 1987. Order for Meeting of Creditors (June 4, 1987); Stipulation of Facts (May 5, 1988). That meeting was held as scheduled. Chapter 12 Minute Sheet (July 2, 1987). Counsel on behalf of Toledo Trust appeared at that hearing. *Id.*

Debtors, on August 21, 1987, filed their chapter 12 plan of reorganization. Toledo Trust filed its proofs of claim on October 2, 1987, listing claims in the amounts of $35,-955.07, secured by real estate, accounts receivable, equipment and fixtures; $170,-313.54, secured by real estate and accounts receivable; $304,449.85, secured by real estate and accounts receivable; and $82,-863.13, secured by accounts receivable, equipment, fixtures and vehicles. See Stipulation of Fact (May 5, 1988). Debtors' chapter 12 plan was subsequently confirmed on November 23, 1987. Order Confirming Plan (November 23, 1987).

On February 5, 1988, Debtors objected to the claims of Toledo Trust as a result of the untimely filings. Objection to Allowance of Claim (February 5, 1988). Debtors amended their objection, on February 10, 1988, requesting disallowance of Toledo Trust's unsecured claim in the amount of $245,116.59. Amended Objection to Allowance of Claim at 1 (February 10, 1988). Defiance Landmark, Inc., an unsecured creditor, also objected to Toledo Trust's claim as a result of untimeliness. Objection to Allowance of Claim (February 9, 1988). The parties, in accordance with a pretrial order of April 20, 1988, filed briefs in support of their positions. The trustee has also filed a brief supporting her objection to Toledo Trust's claims.

## DISCUSSION

In enacting chapter 12, Congress intended that chapter 12 be closely modeled after the existing chapter 13. *See* 5 *Collier on Bankruptcy* ¶ 1201.01 at 1201–2 (15th ed. 1988) (footnote omitted). The filing of a proof of claim, in the instant situation, is governed by Bankruptcy Rule 3002 which provides that:

(a) Necessity for Filing. An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as pro-

vided in Rules 1019(4), 3003, 3004 and 3005.

\* \* \* \* \* \*

(c) Time for Filing. In a ... chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except....

Interim Bankruptcy Rule 12–2–(12), recommended for adoption as a local rule by the Advisory Committee on Bankruptcy Rules, provides

[t]he reference in Rule 3002(c) to a chapter 13 individual's debt adjustment case shall be read also as a reference to a chapter 12 family farmer's debt adjustment case.

These chapter 12 rules have been adopted as local interim rules for this district. General Order No. 10 (April 9, 1987). Thus, Toledo Trust must file a proof of claim in accordance with Rule 3002(c) as the necessity therefor is not excepted by Rules 1019(4), governing claims in a superseded case; 3003, governing claims in chapter 9 or 11 cases; 3004, governing claims filed by Debtor or trustee; or 3005, governing claims filed by other entities.

■ Toledo Trust does not deny notice of Debtors' petition. In fact, Toledo Trust was represented at the § 341 meeting of creditors scheduled for and held on July 2, 1987. See Order for Meeting of Creditors, *supra.* Toledo Trust should have filed its proofs of claim on or before 90 days from that date, September 30, 1987. See Bankruptcy Rule 9006(a) (in computing time prescribed by these Rules, the day of the act from which the period of time begins to run shall not be included, July 2, 1987; the last day of the period shall be included, September 30, 1987). Toledo Trust's proofs of claim representing its unsecured claim, filed October 2, 1987, should be disallowed.

Toledo Trust contends that the court should utilize its equitable powers and allow its claim. Brief of Creditor Trustcorp. Bank, Ohio on Amended Objection to Allowance of Claim at 7 (July 5, 1988). Bankruptcy Rule 9006(b)(3) states that:

[t]he court may enlarge the time for taking action under Rules ... 3002(c) ... only to the extent and under the conditions stated in those rules.

Thus, the court may extend the 90 day period provided in Rule 3002(c) only in accordance with the exceptions provided thereunder. *See In Re Chirillo,* 84 B.R. 120 (Bkrtcy.N.D.Ill.1988). The six exceptions delineated in subsections (1) through (6) of Bankruptcy Rule 3002(c) are inapplicable to the instant situation. Toledo Trust's late filed claim should not, then, be allowed.

Additionally, Toledo Trust did not object to Debtors' plan and it was confirmed on November 23, 1987. 11 U.S.C. § 1227(a) states that:

the provisions of a confirmed plan bind ... each creditor ... whether or not the claim of such creditor ... is provided for by the plan, and whether or not such creditor ... has objected to, has accepted, or has rejected the plan.

*See also* 5 *Collier on Bankruptcy* ¶ 1227.01 at 1227–1 (15th ed. 1988) (order of confirmation is res judicata and its terms are not subject to collateral attack). In *In Re Evans,* 30 B.R. 530, 10 B.C.D. 1071, 9 C.B.C.2d 123 (9th Cir.B.A.P.1983), the court, in discussing the effects of a confirmed chapter 13 plan, stated that:

[a]n order confirming a chapter 13 plan is res judicata as to all justifiable issues which were or could have been decided at the confirmation hearing. Section 1327 precludes a creditor from asserting, after confirmation, any other interest other than that provided for it in the confirmed plan.

*Id.* at 531 (citation omitted). The language of § 1227(a), *supra,* mirrors that of § 1327 to which the *Evans* court referred. Toledo Trust's claim should, then, be disallowed.

Toledo Trust also contends that because Debtors listed Toledo Trust on their petition and because Toledo Trust has participated in proceedings herein, that an informal proof of claim was established and that

the October 2, 1987 claims verified the nature and amount of its claim. Brief of Creditor, Trustcorp. Bank, Ohio, on Amended Objection to Allowance of Claim at 4-5 (July 5, 1988). The court is not persuaded by this argument in light of the precise, unambiguous language contained in the Rules.

Toledo Trust also states that the Bankruptcy Court Clerk's Office may not have file stamped its claims on the date received by that office. *Id.* at 3. Toledo Trust analogizes that because the Stipulation of Fact filed on May 5, 1988 has a handwritten notation "received May 4, 1988 B.H.", the proofs of claim may also have been received prior to the October 2, 1988 file stamped date. *Id.*

At the outset, the court notes that Toledo Trust has not provided any documentation that the claims were "received" earlier than October 2, 1988. Toledo Trust provides no indication that its claims were received or filed two days earlier on September 30, 1987, the bar date. Foremost, the court finds that Toledo Trust may not raise this issue. The parties, at a pretrial conference held on this matter, agreed to submit a stipulation of facts. Pretrial Order (April 20, 1988). Said stipulation was filed wherein Toledo Trust stipulated that:

1. The first date set for a meeting of creditors pursuant to 11 U.S.C. Sec. 341(a) was July 2, 1987.

2. A proof of claim was filed herein by Trustcorp. Bank, Ohio, fka The Toledo Trust Company, on October 2, 1987.

Stipulation of Fact (May 5, 1988). These are the only salient facts necessary for disposition of the issues herein. Toledo Trust, by its own admission, filed its proofs of claim two days late. Furthermore, the purpose of the Stipulation of Facts between the parties was to obviate an evidentiary hearing. Because the necessary facts are undisputed, an evidentiary hearing is not necessary and the court finds that Toledo Trust is bound by its stipulation and may not collaterally attack these stipulated facts. Toledo Trust's claims are untimely, prohibited by the 90 day absolute bar date. It may not share as an unsecured creditor.

The Honorable Richard L. Speer, recently stated, in finding that Toledo Trust failed to file timely proofs of claim in two chapter 13 cases, that the time set forth in Rule 3002 is an absolute bar to claims filed after the expiration of the 90 days. *In Re Wilt,* 84 B.R. 480 (Bkrtcy.N.D.Ohio 1988); *In Re Napier,* 84 B.R. 482 (Bkrtcy.N.D. Ohio 1988) (citing *In Re Street,* 55 B.R. 763 (9th Cir.B.A.P.1985)). *See also In Re Chirillo,* 84 B.R. at 122 and n. 2 (cases construing Rule 3002(c) treat the 90 day period as a statute of limitations not subject to extension by the bankruptcy court). Toledo Trust is, obviously, cognizant of this Rule and its ramifications. The court may not permit Toledo Trust to share as an unsecured creditor as it would be prejudicial and inequitable.

Finally, in *Chirillo, supra,* a creditor who did not receive notice of Debtor's chapter 13 petition, failed to file a timely proof of claim. The court denied the creditor's motion to file a late proof of claim indicating that the Bankruptcy Court is without equitable power to extend the 90 day deadline. *Id.* at 122 (citations omitted). Toledo Trust may not share as an unsecured creditor as a result of its late filed claim.

 A last issue raised by Toledo Trust concerns the standing of the objecting parties to allowance of its claims. Section 502 permits a party in interest to object to a proof of claim. 11 U.S.C. § 502(a). The trustee is a party in interest who may object to a claim. *See In Re Dominelli,* 820 F.2d 313 (9th Cir.1987). The trustee, in the instant case, properly filed her brief in support of her objection to Toledo Trust's claims. Obviously, Debtors are parties in interest entitled to object to allowance of Toledo Trust's claims. Defiance Landmark, Inc., as an unsecured creditor under Debtors' plan, will receive a smaller dividend if Toledo Trust's claims are allowed. Said objections are sustained. In light of the foregoing, it is therefore

ORDERED that Toledo Trust Company may not share as an unsecured creditor under Debtors' chapter 12 plan.