**In re Earl Benny KING, SS#: 237–60–5656, Betty H. King, SS#: 246–56–6403, Debtors.**

**Bankruptcy No. 87–00028–SO3.**

United States Bankruptcy Court, E.D. North Carolina.

Sept. 2, 1988.

Robert H. Bartelt, Fayetteville, N.C., for debtors.

Richard M. Stearns, Kinston, N.C., for Trustee.

Charles F. Carpenter, Durham, N.C., for Surgical Div., Duke University Hosp. Private Diagnostic Medical Center.

**MEMORANDUM OPINION AND ORDER**

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the motion filed by the chapter 12 debtors on April 11, 1988, to allow the debtors to file a proof of claim on behalf of the Surgical Division, Duke University Medical Center, Private Diagnostic Clinic ("Medical Center"). The Medical Center objected to the motion [1] and

1. The notice of the debtors' motion was served on the Medical Center and the Medical Center was given 20 days from the date of the notice (April 8, 1988) to respond. The response objecting to the motion was filed on May 11, 1988, beyond the 20 day limit. The Medical Center offered no explanation that would warrant an extension of the 20 day period, and the debtors

argue that their late filed claim on behalf of the Medical Center should be allowed because the Medical Center did not file a timely objection. In football, a procedural infraction by one team may be offset by a procedural violation by the other, but that is not the case here. The result of this proceeding would be the same even if the

a hearing was held in Raleigh, North Carolina, on August 24, 1988.

*Background*

Earl Benny King and Betty H. King filed a joint petition under chapter 12 of the Bankruptcy Code on January 5, 1987. Prior to filing the petition Mrs. King had incurred substantial medical bills, but the debtors believed that the medical expenses were fully covered by health insurance and no mention was made of these debts in the debtors' bankruptcy schedules. Unfortunately for Mr. and Mrs. King, the insurance paid for some, but not all, of these bills.

Since the Medical Center was not listed in the debtors' schedules, it received no notice of the chapter 12 case. Furthermore, it is not disputed that the Medical Center had no knowledge of the debtors' bankruptcy petition. The first date set for the debtors' meeting of creditors was February 27, 1987, and the bar date for filing proofs of claim was May 28, 1987. Obviously, the Medical Center, without notice or knowledge of the claims bar date, did not file a timely proof of claim. Additionally, no proof of claim was filed on behalf of the Medical Center by the debtors who believed that the claims would be paid by health insurance.

On April 11, 1988, after learning that the medical expenses would not be paid in full, the debtors amended their schedules to include the unpaid medical bills, and filed their motion to be permitted to file a proof of claim on behalf of the Medical Center.[2]

■ The debtors' chapter 12 plan, which provides that the debtors' disposable income for a period of three years be distributed to holders of unsecured claims, was confirmed on August 3, 1987. The effect of allowing the debtors' motion would be to permit the Medical Center's claim to be dealt with under the plan and to be discharged three years from now upon completion of that portion of the plan dealing with unsecured claims. The effect of not allowing the motion would be to prevent the Medical Center from participating in the plan and cause the debt to be unaffected by a discharge that may be entered in this chapter 12 case.[3]

### What is the Bar Date for Filing Proofs of Claim in Chapter 12?

Neither the Bankruptcy Code nor the Bankruptcy Rules establish a bar date for filing proofs of claim in cases under chapter 12.[4] The Suggested Interim Rules for chapter 12 cases, which were recommended by the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States and which were adopted in this district, provide that proofs of claim in chapter 12 cases must be filed within 90 days after the first date set for the Code § 341(a) meeting of creditors. Suggested Interim Rule 12–2(12). This bar date is the same as that in cases under chapter 13. Bankr.Rule 3002(c).

### May the Bar Date be Extended in Chapter 12 Cases?

Again, neither the Rules nor the Code addresses the extension of the bar date for filing proofs of claim in chapter 12 cases. Bankruptcy Rule 3002(c), which is made

Medical Center had filed no response to the motion.

2. The debtors also amended their schedules with respect to a debt owed to Duke University Hospital. The court previously denied the debtors' motion to file a proof of claim on behalf of Duke University Hospital. The Medical Center and Duke University Hospital are two different entities.

3. To be discharged in a chapter 12 case, a debt must be "provided for by the plan." 11 U.S.C. § 1228(a). If a creditor has no notice or knowledge of the chapter 12 case and no proof of claim is filed by or on behalf of the creditor, the plan does not "provide" for that creditor's claim and the underlying debt is not discharged.

4. The Bankruptcy Rules apply to chapter 12 cases "to the extent practicable and not inconsistent" with the Bankruptcy Code as amended in 1986. Section 305(b) Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986. Pub.L. No. 99–554. In chapter 7 and chapter 13 cases a proof of claim must be filed within 90 days after the first date set for the meeting of creditors. Bankr.Rule 3002(c). In a chapter 11 case the court fixes the time for filing proofs of claim. Bankr.Rule 3003(c)(3).

applicable to chapter 12 cases by Suggested Interim Rule 12–2(12), lists the grounds for extending the time limit, but those very specific and restrictive circumstances are not applicable to this proceeding.[5] Bankruptcy Rule 9006(b)(3) says that the court may enlarge the time limit established by Bankruptcy Rule 3002(c) for filing claims *only* in accordance with the conditions stated in Rule 3002(c). In a case under chapter 11, the bar date for filing proofs of claim may be extended on motion made after the bar date's expiration in the court's discretion "for cause" only if there has been "excusable neglect".[6] Even if that standard were applicable in chapter 12, the circumstances of the present case would not warrant the extension at the request of the debtors.

*Is There a Limit on the Time Within Which a Chapter 12 Debtor may File a Claim on Behalf of a Creditor?*

The time limit is 30 days after expiration of the time for filing claims. 11 U.S.C. § 501(b) provides that if a creditor does not timely file a proof of claim, the debtor or trustee may file a proof of claim on the creditor's behalf. Bankruptcy Rule 3004 limits the time within which a debtor or trustee may file a claim for a creditor to 30 days after the bar date established by Rule 3002(c) (90 days after the first date set for the meeting of creditors). Since the bar date for filing claims in chapter 12 cases is determined, at least in this district, by Bankruptcy Rule 3002(c), the time limit for a chapter 12 debtor to file a claim for a creditor is the same as that established by Rule 3004.

Bankruptcy Rule 3004 was amended after this chapter 12 case was filed, and the amendment did not take effect until August 1, 1987. When the debtors' case was filed, Bankruptcy Rule 3004 contained no time limit restricting the debtor's ability to file a proof of claim on behalf of creditors. Nevertheless, the 1987 amendments apply to proceedings in prior pending cases "insofar as just and practicable."[7] The debtors have not convinced the court that it would be either unjust or impracticable to apply Rule 3004 as amended to this proceeding.[8]

5. *See* Norton Bankr.Law and Practice, § 89.07 at 89–4 (1987). The grounds for extending the bar date provided by Bankr.Rule 3002(c) are:
(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing a claim by the United States, a state, or subdivision thereof.
(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.
(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.
(4) A claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct. [ (5) and (6) are not relevant to chapter 12 and are omitted.]

6. Bankr.Rule 9006(b)(1). The limitation on enlargement contained in Bankr.Rule 9006(b)(3) does not apply to Bankr.Rule 3003(c)(3). *See Maressa v. A.H. Robins Co.,* 839 F.2d 220 (4th Cir.1988), in which the court states that Rule 60(b) of the Federal Rules of Civil Procedure sets forth the tangible standard which should be applied to determine if an untimely proof of claim should be allowed in that chapter 11 case. That rule provides relief from a final order upon a showing of mistake, inadvertence, surprise, or excusable neglect. 839 F.2d at 221.

7. Order of the Supreme Court adopting the 1987 amendments dated March 30, 1987.

8. An argument could be made that only those bankruptcy rules in effect on the date of the enactment of chapter 12 are applicable in chapter 12 cases. Section 305(b) of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 provides that "[t]he rules prescribed under section 2075 of title 28, United States Code, and in effect on the date of the enactment of this Act shall apply to cases filed under chapter 12 of title 11, United States Code, to the extend practicable and not inconsistent with the amendments made by title II of this Act." There is no language in Section 305(b) such as is found in Bankruptcy Rule 9032 providing that the Federal Rules of Civil Procedure incorporated by reference are the rules in effect on the date of enactment "and as thereafter amended." There is no legislative history, however, to suggest that Congress intended that the rules which applied to chapter

*Conclusion*

The equities in this proceeding favor the debtors. Had Mr. and Mrs. King known that their medical expenses were not fully covered by insurance, they could have easily included the Medical Center in their schedules and provided for the claim in the chapter 12 plan. The Medical Center will not be harmed by the delay if it is allowed to participate in the plan. The dividend to unsecured creditors with timely filed claims, however, will be affected if the claim is allowed unless all claims are paid in full.

Although the equities of this situation may favor the debtors, this court may not grant relief to the debtors by misconstruing applicable bankruptcy laws. *Norwest Bank Worthington v. Ahlers,* —— U.S. ——, 108 S.Ct. 963, 970, 99 L.Ed.2d 169 (1988). The bar dates for filing claims are strictly construed.

> The clear Congressional intent to require filing of valid proofs of claims within the established time limits precludes any exceptions based on general equitable principles. While the effects of the bar date appear harsh, any other result would undermine the clear purpose of the Bankruptcy Rules.

*Maressa v. A.H. Robins Co., Inc.,* 839 F.2d 220, 221 (4th Cir.1988).

Accordingly, the debtors' request to file a proof of claim on behalf of the Medical Center is DENIED.

SO ORDERED.

---

12 at the time of enactment could not be amended, and it is unlikely that such an unusual limitation would have been imposed without comment.