**In re Ralph E. NOHLE, Donna R. Nohle, Debtors.**

**Bankruptcy No. 87–01548.**

United States Bankruptcy Court, N.D. New York.

Oct. 7, 1988.

Brett W. Martin, Utica, N.Y., for debtors.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for Commodity Credit Corp. (Andrew T. Baxter, Asst. U.S. Atty., of counsel).

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Ralph E. and Donna R. Nohle ("Debtors") have moved to disallow the claim of the Commodity Credit Corporation ("CCC") because of its untimely filing. In the alternative, they ask that the claim be reduced to $86,244.36, the amount of the 1984 judgment the claim represents, and paid subsequent to the payment of timely filed claims under their plan. The matter was heard on June 16, 1988 in Watertown, New York, whereupon the Court reserved decision.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C.A. §§ 1334(b) and 157(a) (West Supp. 1988). This is a core proceeding "arising under" the Debtor's case under Title 11, 28 U.S.C.A. § 157(b)(1) and (2)(B); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir.1987) and is governed by Bankruptcy Rules ("Bankr.R.") 3002, 3007, 7052 and 9014 and Local Chapter 12 Bankruptcy Rule ("Chapter 12 Bankr.R.") 12–2.

## FACTS

The facts are not in dispute.

The Debtors are dairy and crop farmers in Adams, New York who filed a petition under Chapter 12 of the Bankruptcy Code, 11 U.S.C.A. §§ 101–1330 (West 1979 & Supp.1988) ("Code") on November 3, 1987. Their petition recited $472,837.70 and $244,-040.75 in secured and unsecured debt, respectively, and in excess of $670,000.00 in real and personal property. Among the unsecured claims, CCC, "c/o Jefferson Co. ASC Comm.", was listed as claiming an "unknown" amount for "loans 1978" and the United States of America was listed as claiming $86,244.36 for a 1984 judgment. Debtor Ralph E. Nohle was solely liable on both unsecured debts, which were described by the Debtors as disputed in an amount designated as "N/A."

On December 3, 1987, the Clerk of the Bankruptcy Court mailed notice of the filing, together with the notice setting the first meeting of the creditors for January 15, 1988 and April 14, 1988 as the last day to file proof of claims. Both the United States of America c/o U.S. Attorney and CCC were listed in the certificate of mailing.

The Debtors' modified plan was confirmed on March 24, 1988. All general unsecured creditors were placed in Class 6 and were to be paid at least one pro rata distribution in each of the five years of the plan.

On April 15 at 9:57 a.m., CCC filed proof of its claim in the amount of $124,156.81 for "judgement entered 8/14/84, U.S. vs. Ralph Nohle (84–CV–296)" at the Clerk's office in Utica, New York. The Debtors filed the instant motion on May 4, 1988.

## DISCUSSION AND CONCLUSIONS OF LAW

As suggested by the Advisory Committee on Bankruptcy Rules, all Chapter 12 cases in the Northern District of New York are procedurally governed by four local rules, pursuant to the Administrative Order signed by the Hon. Stephen D. Gerling and the Hon. Justin H. Mahoney on April 9 and April 13, 1987, respectively, adopting the suggested Interim Chapter 12 rules. *See* L. King, 5 COLLIER ON BANKRUPTCY ¶ 1203.01 at n. 17 (15th ed. 1988); B. Weintraub & A. Resnick, BANKRUPTCY LAW MANUAL, ¶ 9A.03 at S9A–4 (rev. ed. 1987 Supp.). Chapter 12 Bankr.R. 12–2(12) is pertinent to the dispute at issue, in referring to Bankr.R. 3002(c) for the time to file proofs of claims. *See, e.g., In re Wharry*, 91 B.R. 31 (Bankr.N.D.Ohio 1988); *In re King*, 90 B.R. 155 (Bankr.E.D.N.C.1988). The Court also assumes the applicability of Code §§ 501 and 502.

The use of the word "shall" in Bankr.R. 3002(c) indicates that in order to participate in a distribution in a Chapter 7, 12 or 13, a creditor must file a proof of claim within ninety days after the first meeting of the creditors unless one of six exceptions are met. The "acknowledgment" of the claim,

by a debtor listing it in schedules, is for purposes of good faith and notice, not for distribution. This is unlike the distribution scheme in a Chapter 11, which is governed by Bankr.R. 3003 and grants claims listed in the petition prima facie status of the claim's amount and validity subject to being superseded or disputed by proofs of claims filed in a time fixed by the Court and enlarged pursuant to Bankr.R. 9006(b)(1). *See In re King, supra,* at 156 & nn. 4, 6; *In re Kragness,* 82 B.R. 553, 555–56 (Bankr.D.Or.1988) (discussing the difference between Bankr.R. 3002(c) and 3003(c)).

Bankr.R. 3002(c) is strictly construed as a statute of limitations since the purpose of such a claims bar date is "to provide the debtor and its creditors with finality" and to "insure the swift distribution of the bankruptcy estate." *See In re Johnson,* 84 B.R. 492, 494 (Bankr.N.D.Oh.1988) *and In re Good News Publishers, Inc.,* 33 B.R. 125, 126 (M.D.Tenn.1983) (construing former Bankruptcy Rule 302(e)'s six month bar date, the predecessor of Bankr.R. 3002(c)). *See also Street v. Street (In re Street),* 55 B.R. 763, 766 (Bankr. 9th Cir. 1985); *In re Wilt,* 84 B.R. 480 (Bankr.N.D. Oh.1988) (citing cases); *In re Chirillo,* 84 B.R. 120, 121–122 (Bankr.N.D.Ill.1988) (following case law consistently upholding strict time limits of Former Bankruptcy Rule 302(e), notwithstanding possible equities, for Bankr.R. 3002(c)). This concern is heightened in a Chapter 12 where the time frames are purposefully abbreviated. *See, e.g.,* Code § 1221 (plan must be filed no later than ninety days after petition filed).

If notice is provided, the time for filing proofs of claims under Bankr.R. 3002(c) cannot be enlarged unless one of the six exceptions are germane and compliance thereto made. *See In re Dodd,* 82 B.R. 924, 928 (N.D.Ill.1988); Bankr.R. 9006(b)(3). Moreover, pursuant to Code § 1228(a), "if a

creditor has no notice or knowledge of the chapter 12 case and no proof of claim is filed by or on behalf of the creditor, the plan does not 'provide' for that creditor's claim and the underlying debt is not discharged." *In re King, supra,* at 156 & f. 3.

Notice was never an issue in these proceedings. Indeed, counsel for CCC, the Assistant United States Attorney, conceded at the hearing the inexcusable lateness of the claim's filing and called upon the Court's discretion and equitable powers for a ruling in its favor. It requested that the Court "allow the claim to be paid, without pre-petition interest, after other creditors holding timely filed claims have been paid in full under debtors' Confirmed Chapter 12 Plan." *Memorandum Of The United States In Opposition To Debtors' Motion To Disallow Claim Of Commodity Credit Corporation As Untimely Filed,* para. 6 (June 14, 1988). The fact that an exception existed for CCC, a federal agency and thus a subdivision of the United States within the meaning of Bankr.R. 3002(c)(1), and was overlooked militates against allowing its claim to stand, even in the subordinated manner it has suggested.[1] "Rule 3002(c)(1) gives the United States a flexibility not available to other creditors." *United States v. Owens,* 84 B.R. 361, 363 (E.D.Pa. 1988).[2]

Likewise, CCC's reliance on a Chapter 11 or Chapter 7 "analogy", e.g. Code § 726(a), is misplaced. *See* Code § 103(a). Chapter 12 was enacted for seven years to offer debt relief specially tailored to farmers in an attempt to alleviate what was hoped to be a temporary crisis. *See* H.R.Conf.Rep. No. 958, 99th Cong., 2d Sess. 48, *reprinted in* 1986 U.S.CODE CONG. & ADMIN. NEWS 5227, 5249. *See generally,* Aiken, *Chapter 12 Family Farmer Bankruptcy,* 66 NEB.L.REV. 632 (1987). As such, it

---

1. There has been no dispute as to CCC's status as a subdivision of the United States.

2. Counsel for the United States stated at the hearing that he learned about the claim on April 14, 1988 and not having the opportunity to drive to Utica, mailed it that day from Syracuse. While not raised by CCC, the Court notes the inapplicability of Bankr.R. 9006(f), providing an additional three days "after service by mail", to the filing of proofs of claims. *See In re Wellman,* 74 B.R. 91, 93 (Bankr.D.S.C.1985) (citing to *In re Whitten,* 49 B.R. 220, 222 (Bankr.N.D. Ala.1985), a Chapter 13 case controlled by Bankr.R. 3002(c)).

implicates different concerns than those addressed in Chapter 7 or Chapter 11 proceedings. *See* BANKRUPTCY LAW MANUAL, *supra,* at ¶ 9A.01. Any analogies made are appropriate with respect to Chapter 13 proceedings since legislative history demonstrates that Chapter 12 was modeled after Chapter 13, with certain exceptions. *See id.; In re Wharry, supra,* at 32 (referring to 5 COLLIER ON BANKRUPTCY, *supra,* ¶ 1201.01 at 1201–2 which cites H.R.Rep. No. 958, 99th Cong., 2d Sess. 48 (1986)).

As Bankr.R. 3002(c) controls, the Court is without the power to extend the time for the filing of CCC's claim and there is no room for judicial discretion or "line drawing." *See In re Kragness, supra,* 82 B.R. at 556. Questions as to the Debtor receiving a windfall and the remote possibility of applying any surplus under the plan towards CCC's claim are inapposite in the face of the uncontroverted fact that CCC filed its claim one day late. *See, e.g., In re Wharry, supra,* at 34. The Court also notes that if the claim were allowed, those Class 6 creditors with timely-filed claims would be prejudiced in that they would receive less under their pro rata distribution as set forth in the Debtors' five year plan. Thus, the claim must be expunged in this confirmed and operating Chapter 12 and the Court need not reach the issue of whether it can require a joint Chapter 12 plan to satisfy an obligation belonging to only one of the debtors.[3]

"The clear Congressional intent to require filing of valid proofs of claims within the established time limits precludes any exceptions based on general equitable principles. While the effects of the bar date appear harsh, any other result would undermine the clear purpose of the Bankruptcy Rules." *In re King, supra,* at 158 (citing *Maressa v. A.H. Robins Co., Inc.,* 839 F.2d 220, 221 (4th Cir.1988)).

Based upon the foregoing, it is hereby

---

3. The Court notes that since untimeliness is not one of the categories by which a claim can be disallowed under Code § 502(b), it is more appropriate to refer to the act of excluding the claim as "expungement", or "disallowance solely

ORDERED

1. That Debtors' motion to expunge in full the claim of CCC is granted.

for the purposes of Bankr.R. 3002(c) and Chap. 12 Bankr.R. 12–2(12)." *See In re Little,* 74 B.R. 625 (Bankr.N.D.N.Y.1987); *In re OTC Net, Inc.,* 34 B.R. 658, 661 (Bankr.D.Colo.1983).