In re Lawrence Delton DREBES and Norma Jean Drebes, Debtors.

Bankruptcy No. 87–40704–12.

United States Bankruptcy Court, D. Kansas.

April 17, 1995.

Alan L. Tipton of Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, for debtors.

Calvin J. Karlin of Barber, Emerson, Springer, Zinn & Murray, L.C., Lawrence, KS, for Farm Credit Bank of Wichita.

Eric C. Rajala, Chapter 12 Standing Trustee, Overland Park, KS.

*ORDER DENYING DEBTORS' MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND*

JOHN T. FLANNAGAN, Bankruptcy Judge.

The debtors ask the Court to reconsider its January 31, 1995, order denying the debtors' Motion for Order Nunc Pro Tunc Correcting Clerical Errors in Order Confirming Plan.[1]

The January 31, 1995, order denied debtors' request to amend their confirmation order to allow payment of a real estate tax claim held by Washington County, Kansas. The Court ruled that the confirmation order could not be revised as debtors requested because neither the County nor the debtors on behalf of the County filed a proof of claim in the case, as required by Fed.R.Bankr.P. 3002.

The debtors' motion for reconsideration states that Fed.R.Bankr.P. 3002, by its terms, did not apply to Chapter 12 cases until August 1, 1991.[2] Since debtors filed their Chapter 12 petition in May of 1987, prior to the amendment of Fed.R.Bankr.P. 3002, they argue that the rule did not apply to this case and that the Court erred in giving the rule retroactive effect.

At the time debtors filed their Chapter 12 petition, Fed.R.Bankr.P. 3002(c) provided:

**Time for Filing.** In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code. . . .

1. Debtors appear by their attorney, Alan L. Tipton of Hamilton, Peterson, Tipton & Keeshan, Topeka, Kansas. Farm Credit Bank of Wichita appears by its attorney, Calvin J. Karlin of Barber, Emerson, Springer, Zinn & Murray, L.C., Lawrence, Kansas. The Chapter 12 Standing Trustee, Eric C. Rajala, also appears.

2. Debtors' Motion for Reconsideration, or to Alter or Amend filed February 19, 1995, at 1.

Although debtors are correct that this rule, "by its terms," referred only to Chapter 7 and Chapter 13, the Court rejects debtors' contention that the lack of reference to Chapter 12 means the rule did not apply to cases under Chapter 12.

The Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, effective November 26, 1986, created Chapter 12. When debtors filed their bankruptcy in May of 1987, just six months after the effective date of the Act, none of the Federal Rules of Bankruptcy Procedure had been amended to include specific references to this newly created chapter. In fact, the amendments to the Bankruptcy Rules reflecting the addition of Chapter 12 did not become effective until August of 1991.

This lengthy delay between the effective date of the Code amendments and the effective date of the related amendments to the Rules was not unusual or unforeseen. The time-consuming process of rule revision begins only after Congress has enacted amendments or additions to the Code. Consequently, amendments to the Code may become law long before the Bankruptcy Rules are amended to reflect these changes.[3]

In light of this process, the 1986 Act included a provision regarding applicability of existing rules to cases under Chapter 12. Section 305(b), provided:

> (b) RULES RELATING TO CHAPTER 12 OF TITLE 11.—The rules prescribed under section 2075 of title 28, United States Code, and in effect on the date of the enactment of this Act shall apply to cases filed under chapter 12 of title 11, United States Code, to the extent practicable and not inconsistent with the amendments made by title II of this Act.

In determining which rules applied to cases under Chapter 12, courts and commentators drew on the fact that Congress had created Chapter 12 in the image of Chapter 13. "Since the procedural aspects of chapters 12 and 13 are almost identical, the Bankruptcy Rules applicable to chapter 13 cases are appropriate for use in chapter 12 cases, and pursuant to § 305(b) of the 1986 Act, these rules are applicable to chapter 12 cases."[4]

The Court finds that at the time debtors filed their bankruptcy petition, Fed.R.Bankr.P. 3002(c) certainly did apply to cases under Chapter 12 by virtue of § 305(b) of the 1986 Act.

Furthermore, the record reveals that an order entered in this case gave all parties notice that the rule applied. The order, entered May 6, 1987, and captioned "Order For Meeting of Creditors: Filing Complaints to Determine Dischargeability of Certain Debts; Combined with Notice Thereof and of Automatic Stay," provided:

> 5. The debtor [sic] has filed or will file a schedule of debts pursuant to Bankruptcy Rule 1007. In order to have a claim allowed and share in any distribution from the estate, a creditor must file a claim in triplicate, whether or not the creditor is included in the list of creditors filed by the debtor. *Claims wich [sic] are not filed within 90 days following the above date for the meeting of creditors will not be allowed except as otherwise provided by law.*

(Emphasis added.)

On May 8, 1987, debtors' counsel served this order on all scheduled creditors, including Washington County. The order not only reflects that Fed.R.Bankr.P. 3002(c) applied to this case, it also shows that all parties were given notice of the specific requirements of the rule. Since neither Washington County nor the debtors on behalf of the County filed a timely proof of claim, the debtors' motion for reconsideration or to alter or amend is denied.

IT IS SO ORDERED.

---

3. Amendments to the Bankruptcy Rules reflecting the changes to the Code by the Bankruptcy Reform Act of 1994, effective October 22, 1994, will not be effective until 1996 or 1997.

4. Note to Suggested Interim Rule 12–2, Committee on Rules and Practice and Procedure of the Judicial Conference of the United States, Feb. 5, 1987. *See also In re King,* 90 B.R. 155, 156 (Bankr.E.D.N.C.1988).