In re H. Trent BOUDINOT, SSN 297–72–8981, Tonia S. Boudinot, SSN 282–76–7242, Debtors.

Bankruptcy No. 95–53699.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 29, 1999.

J. Anthony Logan, Wright & Logan Co. LPA, Dublin, Ohio, for debtors.

John J. Chester, Jr., Chester Willcox & Saxbe, Columbus, Ohio, for creditor.

Frank M. Pees, Worthington, Ohio, Chapter 12 Trustee.

Alexander G. Barkan, Columbus, Ohio, Assistant United States Trustee.

### ORDER SUSTAINING DEBTORS' OBJECTION TO PROOF OF CLAIM FILED BY KOVA FERTILIZER, INC.

CHARLES M. CALDWELL,
Bankruptcy Judge.

This case is before the Court on the objection of the Debtors, H. Trent Boudi-not and Tonia S. Boudinot ("Debtors"), to a proof of claim filed by KOVA Fertilizer, Inc. ("KOVA"). KOVA has filed a memorandum in opposition to the Debtors' objection, and supplemental memoranda were filed by the parties at the Court's request. For the following reasons, the Debtors' objection is **SUSTAINED.** The Court holds that KOVA's proof of claim was not timely filed, and neither the Bankruptcy Code and Rules, nor the well-established "informal proof of claim" or "excusable neglect" doctrines provide this Court with the authority to allow KOVA's tardily-filed claim.

The Debtors filed a petition for relief under chapter 12 of the Bankruptcy Code on June 30, 1995. Along with their petition, the Debtors filed a Statement of Financial Affairs and Schedules A–J, in which detailed descriptions of the Debtors' assets and liabilities were set forth. In Schedule D, captioned "Creditors Holding Secured Claims," the Debtors listed KOVA as holding a claim in the amount of $36,-452.00. The Debtors' Schedule D also described the entire amount of KOVA's claim as being unsecured, possibly because the value of the Debtors' property was insufficient to collateralize all of the obligations. Pursuant to a notice issued by the Court on July 10, 1995, the Debtors' meeting of creditors was scheduled for August 9, 1995. In accordance with Rule 3002(c),[1] proof of claims were to be filed no later than November 7, 1995. KOVA does not dispute that it received this notice and was aware of the proof of claim "bar date."

On September 28, 1995, the Debtors filed a plan of reorganization. Article VI, section 6.4, captioned "Class 4 Unsecured Claims," included KOVA's claim. The Debtors proposed to pay a dividend of 18 percent on KOVA's claim, with the provision that should any portion of KOVA's

---

1. Unless otherwise noted, all citations to rules of procedure refer to the Federal Rules of Bankruptcy Procedure.

claim be deemed secured, it would be paid in accordance with the treatment to be afforded to secured creditors, as set forth in Article VI, section 6.3 of the Debtors' plan.

Pursuant to a notice issued by the Court on October 26, 1995, December 11, 1995, was fixed as the date by which written objections to the confirmation of the Debtors' plan of reorganization were to be filed. A hearing to consider whether the Debtors' plan should be confirmed was scheduled for December 18, 1995, at 2:30 p.m. On November 15, 1995, KOVA filed an objection to the confirmation of the Debtors' plan of reorganization,[2] and after a continuance, the Debtors' confirmation hearing convened on January 18, 1996. KOVA's objection was overruled, and the Debtors' plan was confirmed. A confirmation order was entered on February 26, 1996.

KOVA filed its proof of claim on February 21, 1996, one hundred six (106) days after the bar date. Notwithstanding the provisions of the Debtors' plan, which clearly provided that KOVA was to be treated as an unsecured, nonpriority creditor (treatment to which KOVA did not object), KOVA claimed secured status in its proof of claim. KOVA asserted that its claim was secured by all of the Debtors' livestock, certain of the Debtors' equipment, and any proceeds or product of the collateral previously described. On March 5, 1999, more than three years after KOVA's proof of claim was filed, the Debtors filed an objection to its allowance. The Debtors argued that given its tardy filing, KOVA's proof of claim should be disallowed. In the alternative, the Debtors argued that KOVA's claim should be deemed unsecured.

On March 9, 1999, KOVA filed a memorandum in opposition to the Debtors' objection to its proof of claim. In this pleading, KOVA asserted that because the Debtors' confirmed plan of reorganization classified it as a secured creditor (as previously stated, the Debtors' plan did not so classify KOVA), and because the Debtors set forth KOVA's claim in Schedule D, it was entitled to treatment as a secured creditor. Further, KOVA argued that pursuant to sections 502(b)(9) and 726(a)(1),[3] its tardily-filed proof of claim should be allowed because it was filed prior to the date upon which the trustee commenced distributions to creditors. On May 4, 1999, the Court heard arguments on the Debtors' objection and KOVA's opposition. The parties were ordered to file supplemental memoranda in support of their respective positions no later than May 24, 1999.

On May 26, 1999, KOVA filed its supplemental memorandum in support of the allowance of its proof of claim. Once again, KOVA asserted that sections 502(b)(9) and 726(a)(1) authorized the Court to allow its tardily-filed proof of claim. In addition, KOVA asserted that its failure to file a timely proof of claim was caused by "excusable neglect," the existence of which permitted the allowance of KOVA's claim. Further, KOVA asserted that its objection to the confirmation of the Debtors' chapter 12 plan, along with its involvement in protracted pre-petition litigation with the Debtors, constituted an informal proof of claim. Finally, and in an apparent retreat from its original demand for secured status, KOVA demanded to be permitted to participate in the distribution to be made to unsecured nonpriority creditors under the terms of the Debtors' confirmed chapter 12 plan.

---

**2.** In its objection, KOVA asserted that the claim of creditor First Knox Bank, which was based on an operating loan extended to the Debtors in 1994, should be classified as unsecured. KOVA's objection did not address the Debtors' proposed treatment of the KOVA claim, nor were the nature and amount of KOVA's claim mentioned.

**3.** Unless otherwise noted, all statutory citations refer to title 11 of the United States Code, aka the Bankruptcy Code.

On June 9, 1999, the Debtors filed their supplemental memorandum in support of their objection to KOVA's proof of claim. The Debtors first argued that Rules 3002(c) and 9006(b)(3), when read together, prohibit the Court from allowing KOVA's tardily-filed proof of claim. The Debtors also argued that the doctrine of "excusable neglect" does not apply to the claims process in chapter 12 cases. Finally, the Debtors argued that "the filing of timely proofs of claim is essential to the orderly proposal of a chapter 12 plan of reorganization," and that using the informal proof of claim doctrine to allow tardily-filed proofs of claim would cause prejudice to the Debtors. The Debtors then reiterated their demand that KOVA's proof of claim be denied.

This contested matter raises the following issues:

(1) Whether, as KOVA asserts, sections 502(b)(9) and 726(a)(1) permit the Court to allow its untimely proof of claim;

(2) Whether a finding that KOVA's failure to timely file a proof of claim was caused by "excusable neglect" would permit the Court to allow KOVA's proof of claim; and

(3) Whether KOVA's participation in pre-petition litigation with the Debtors, as well as its objection to the confirmation of the Debtors' chapter 12 plan, can be recognized as an "informal" proof of claim.

Section 502 provides, in pertinent part:

(1) A claim or interest, proof of which is filed ... is deemed allowed, unless a party in interest ... objects.

(2) [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim ... except to the extent that—

. . .

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title ...

■ Section 726 controls the distribution of property of the estate in chapter 7 cases. Section 726(a)(1) allows an untimely filed proof of claim so long as that claim is filed prior to the date upon which the chapter 7 trustee commences distributions to creditors pursuant to the other provisions of section 726. Section 726 does not apply to cases commenced under chapter 12 of the Bankruptcy Code pursuant to section 103(b), which provides that "[s]ubchapters I and II of chapter 7 of this title apply only in a case under such chapter." Section 726 is contained within subchapter II of chapter 7. *In re Greenig,* 152 F.3d 631, 634 n. 3 (7th Cir.1998).

The correct analysis of the Court's ability to allow tardily-filed proofs of claim in chapter 12 cases is that suggested by the Debtors, and is based on Rules 3002(c) and 9006(b)(3). Rule 3002 governs the filing of proofs of claim or interests. It provides, in part, as follows:

(a) NECESSITY FOR FILING. An unsecured creditor ... must file a proof of claim or interest for the claim or interest to be allowed ...

. . .

(b) TIME FOR FILING. In a ... chapter 12 family farmer's debt adjustment ... case, a proof of claim is timely-filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows ...

Rule 3002(c) goes on to enumerate five (5) exceptions, the satisfaction of any one of which would permit the Court to allow a tardily-filed proof of claim in a chapter 12 case. KOVA has not asserted that any of these exceptions apply in this case.

■ Rule 9006(b) governs the enlargement of the time within which certain acts

under the Bankruptcy Code and Rules are required to be accomplished. Pursuant to Rule 9006(b)(3), the Court may enlarge the period within which proofs of claim are to be filed only to the extent provided in Rule 3002(c), i.e., only where one of the previously-noted exceptions set forth in Rule 3002(c) has been satisfied. As KOVA has not argued that any of these exceptions applies, Rules 3002(c) and 9006(b)(3) prohibit this Court from allowing KOVA's tardily-filed proof of claim. *In re Wharry,* 91 B.R. 31, 34 (Bankr.N.D.Ohio 1988); *In re Nohle,* 93 B.R. 13, 15 (Bankr.N.D.N.Y. 1988); *Greenig,* 152 F.3d at 634.

The doctrine of "excusable neglect," as applied in the context of filing, objecting to, and allowing claims in bankruptcy cases, arises from Rule 9006(b)(1). Rule 9006(b)(1) authorizes the Court to enlarge a specified period of time, after its expiration, upon a motion and a showing that the movant's failure to take the required action within the specified period was the result of excusable neglect. The United States Supreme Court has held that Rule 9006(b)(1) permits a bankruptcy court to allow tardily-filed claims in chapter 11 cases upon a showing of excusable neglect on the part of the party seeking allowance of its claim. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). KOVA relies on *Pioneer* in urging this Court to allow its tardily-filed proof of claim.

It is apparent to the Court that KOVA has failed to appreciate the fundamental distinctions between this case and *Pioneer,* distinctions which are fatal to KOVA's argument. First, the filing of claims in chapter 11 cases is governed by Bankruptcy Rule 3003. The Court's authority to extend Rule 3003 is not subject to Rule 9006(b)(3)'s limitations. *In re Lang,* 196 B.R. 528, 531 (Bankr.D.Ariz.1996). Of perhaps even greater importance is the *Pioneer* court's specific statement that its holding did not apply to cases commenced under chapter 7, because the time for fil-

ing proofs of claim in chapter 7 cases is governed by Rule 3002(c), and that time can only be extended pursuant to the strict limitations set forth in Rule 9006(b)(3). *Pioneer,* 507 U.S. at 389, n. 4, 113 S.Ct. at 1495, n. 4. As the time for filing proofs of claim in chapter 12 cases also is governed by Rule 3002(c) and accordingly, by Rule 9006(b)(3), this Court finds that *Pioneer's* excusable neglect doctrine also does not apply in chapter 12 cases, and does not permit the allowance of KOVA's proof of claim. *See, Jones v. Arross,* 9 F.3d 79, 81 (10th Cir.1993) (refusing to apply *Pioneer's* doctrine of excusable neglect to allow tardily-filed proof of claim in chapter 12 case).

Several courts also have concluded that the *Pioneer* excusable neglect doctrine should not apply in chapter 13 cases, which are closely analogous to those commenced under chapter 12. *See, Nohle,* 93 B.R. at 16 (finding chapters 12 and 13 to be analogous); *In re Zimmerman,* 156 B.R. 192, 199 (Bankr.W.D.Mich.1993) (concluding that cases commenced under chapters 12 and 13 are analogous); *Aboody v. United States (In re Aboody ),* 223 B.R. 36, 37–38 (1st Cir. BAP 1998) (refusing to apply doctrine of excusable neglect in a chapter 13 case); *Lang,* 196 B.R. at 531 (refusing to apply doctrine of excusable neglect in a chapter 13 case). The Court concludes that these cases provide further support for its holding that the doctrine of excusable neglect does not permit the allowance of KOVA's proof of claim.

Finally, the Court must address KOVA's argument that its participation in protracted pre-petition litigation with the Debtors, as well as its objection to the confirmation of the Debtors' chapter 12 plan, should be recognized as an "informal" proof of claim to which its tardy "formal" proof of claim should relate and be considered timely. The concept of an informal proof of claim is well established in bankruptcy jurisprudence. *In re Ungar,* 70 B.R. 519, 521 (Bankr.E.D.Pa.1987); *In re Lee Way Holding Co.,* 178 B.R. 976, 983 (Bankr.S.D.Ohio 1995); *In re Dietz,*

136 B.R. 459, 463 (Bankr.E.D.Mich.1992). Its purpose is to permit creditors, whose formal proofs of claim were untimely filed, to participate in a distribution of a debtor's assets or to receive payments pursuant to a plan of reorganization, so long the creditor can demonstrate that its participation in the case prior to the deadline for filing proofs of claim was significant, and indicated that the creditor intended to hold the debtor liable for a claim.

■ In order for an informal proof of claim to be found to exist, a creditor must have done more than merely appear at hearings or meetings convened in the debtor's bankruptcy case. *See, Wharry,* 91 B.R. at 34 (creditor's participation in case, without filing pleadings, was not sufficient to constitute an informal proof of claim). The applicable authority holds that, at a minimum, a creditor must assert a written demand against the bankruptcy estate in order for a court to find that an informal proof of claim exists. *See, In re Harper,* 138 B.R. 229, 234 (Bankr.N.D.Ind. 1991) (written instrument is required in order for court to find that an informal proof of claim exists); *In re Wigoda,* 234 B.R. 413, 416 (Bankr.N.D.Ill.1999) ("an informal claim requires a writing that is filed with the Court"). Therefore, KOVA's prepetition conduct, by itself, is not sufficient to constitute an informal proof of claim. Further, there is absolutely no indication that KOVA appeared at the Debtors' meeting of creditors or any hearing convened in this case prior to November 7, 1995, the proof of claim bar date.

■ KOVA also urges the Court to consider its objection to the confirmation of the Debtors' plan of reorganization, along with its prepetition conduct, sufficient to be recognized as an informal proof of claim. KOVA's objection, however, was not filed until November 15, 1995, eight days after the expiration of the November 7, 1995, deadline by which proofs of claim were to have been submitted. Again, the Court's file contains no written indication that KOVA intended to participate in this case, prior to the filing of its objection on November 15, 1995. Given that its objection was not filed prior to the expiration of the claims bar date, the objection cannot be considered an informal proof of claim. *See, Harper,* 138 B.R. at 234 (in order for creditor to successfully assert the existence of an informal proof of claim, the document argued to constitute the informal proof of claim must have been presented prior to the claims bar date).

■ The Court is aware that the Debtors listed KOVA's claim in their schedules and plan of reorganization, but these indicia of KOVA's claim are not sufficient to be considered an informal proof of claim. *See, In re Casterline,* 51 B.R. 219, 220 (Bankr.D.Colo.1985) (mere inclusion of a claim in the debtor's schedule does not constitute an informal proof of claim). In a chapter 12 case, an unsecured creditor must file a timely proof of claim in order to participate. Fed.R.Bankr.P. 3002(a); *see also, Greenig,* 152 F.3d at 636 (even chapter 12 plan that provided an allowed unsecured claim to creditor seeking to file a tardy proof of claim does not excuse creditor's failure to file a proof of claim, and, in the absence of an applicable exception which would permit the court to allow the late proof of claim, creditor's motion to file a tardy proof of claim must be denied).

In sum, in order for the Court to find that KOVA presented an informal proof of claim, KOVA must have submitted some written indication of its intent to participate in this case prior to the expiration of the claims bar date. As the earliest written indication of KOVA's intent to participate was not submitted to the Court until after the claims bar date had passed, the Court holds that no informal proof of claim in favor of KOVA exists.

Accordingly, the Debtors' objection to KOVA's proof of claim is **SUSTAINED.**

**IT IS SO ORDERED.**