839 F.2d 220
 56 USLW 2511
 Wilma M. MARESSA, Plaintiff-Appellee,
v.
A.H. ROBINS COMPANY, INCORPORATED; Official Committee of
Equity Security Holders; Dalkon Shield Claimants'
Committee; Legal Representative of the
Future Tort Claimants,
Defendants-Appellants.
 No. 87-1041.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 2, 1987.
Decided Feb. 16, 1988.
 
 Linda Jenkins Thomason (William R. Cogar; Clifford W. Perrin, Jr.; James S. Crockett, Jr.; Mays & Valentine, Richmond, Va., Michael L. Cook; Dennis J. Drebsky; Skadden, Arps, Slate, Meagher & Flom, New York City, on brief), for defendants-appellants.
 James B. Tuttle (Harvey and Harvey, Mumford & Kingsley, Albany, N.Y., Matthew N. Ott, Richmond, Va., on brief), for plaintiff-appellee.
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 A.H. Robins Company, Inc. appeals the order of the district court granting Wilma M. Maressa leave to file a proof of claim subsequent to the bar date of April 30, 1986 set by the court. At the hearing on Maressa's motion for relief from the bar date pursuant to Local Rule 7(f) and Rules 60(b) and 55(c) of the Federal Rules of Civil Procedure, the court found that excusable neglect was not established. Nevertheless, the court held that
 
 
 2
 justice requires that we permit the filing of the claim. Robins had notice of it. There was a lawsuit pending. I don't think it sets any precedent except as to lawsuits that were pending, and they were on notice. I would simply direct instead of calling it an amended one, go ahead and present an order permitting the filing of the claim....
 
 
 3
 Because we believe the district court abused its discretion in exercising its general equitable powers, we remand this case to the district court for further consideration under Fed.R.Civ.P. 60(b).
 
 
 4
 * Maressa filed an action against Robins on July 1, 1985 in the United States District Court for the Western District of New York seeking damages for injuries caused by her use of a Dalkon Shield. The action was stayed when Robins filed its bankruptcy petition on August 21, 1985. Thereafter, Maressa's claim was listed in Robins' bankruptcy schedule as an unliquidated, contingent and disputed claim. Pursuant to Bankruptcy Rule 3003(c)(3), the district court established April 30, 1986 as the bar date for the filing of claims against Robins. Maressa received notification of the bar date through her attorney. Her attorney also served as counsel to a number of other Dalkon Shield claimants and ultimately filed approximately thirty separate claims prior to the bar date. Unfortunately, in the words of Maressa's attorney, "as a result of th[e] large influx of cases and the blizzard of paperwork that it involved, our obligation to file a separate Proof of Claim on behalf of Wilma Maressa ... was overlooked, and no Proof of Claim was filed."
 
 II
 
 5
 Bankruptcy Rule 3003(c)(2) expressly requires creditors with a claim scheduled by the debtor as "disputed, contingent or unliquidated" to file a proof of claim. Therefore, regardless of actual notice to the debtor, Congress has established a scheme which requires the filing of creditors' claims within a set time limit to promote certainty and finality. See Hoos & Co. v. Dynamics Corp., 570 F.2d 433 (2d Cir.1978). The clear Congressional intent to require filing of valid proofs of claims within the established time limits precludes any exceptions based on general equitable principles. While the effects of the bar date appear harsh, any other result would undermine the clear purpose of the Bankruptcy Rules.
 
 
 6
 Rule 60(b)(1) of the Federal Rules of Civil Procedure, however, provides relief from a final order of the court upon a showing of "mistake, inadvertence, surprise, or excusable neglect...." This rule sets forth a tangible standard which should be applied in this case to determine whether the untimely filing of a claim should be permitted.
 
 
 7
 Therefore, we remand this case to the district court for further consideration and disposition consistent with this opinion under Federal Rule 60(b).
 
 
 8
 REMANDED.