In re A.H. ROBINS COMPANY, INC.,
Debtor, Employer Tax Identification
No. 54–0486348.

No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 3, 1994.

Darleen M. Jacobs, New Orleans, Louisiana (Brian C. Beckwith, New Orleans, Louisiana, William W. Richardson, III, Providence Forge, Virginia, on the briefs), for Mary Louis.

Melody G. Foster, Richmond, Virginia, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on motion by Dalkon Shield Claimant Mary Louis, pursuant to Federal Rule of Civil Procedure 60(b)(6), for reinstatement of her disallowed claim. Her prayer for relief rests on the undisputed fact that she did not actually receive any notices or correspondence from the Court or the Dalkon Shield Claimants Trust ("Trust"). For reasons given below, the Court should deny the motion.

Mary Louis, through her brother, Reverend W.L.T. Littleton, asserted a claim against the Trust by letter filed on March 31, 1986. The letter stated that all correspondence should be mailed to 3500 Preston Place in New Orleans. Louis represents by her own affidavit and those of others, that shortly after submitting her claim, she and her brother moved away from that address. Her brother submitted a change of address to the Post Office, but no one made any attempt to notify the Court or the Trust. Louis, her brother, and her attorneys all state by affidavit that they had no correspondence from the Court or the Trust.

The Trust offers documents showing that it and the Court made several unsuccessful attempts to contact Louis. On April 21, 1986 the Trust mailed an initial questionnaire to Louis, seeking information necessary to perfect her claim. The questionnaire was addressed incorrectly to "Poreston" Place and was returned marked "Addressee Unknown." The Trust discovered and corrected its error in a routine audit of returned mail. The Trust sent a second questionnaire to 3500 Preston Place on May 27, 1987, which was also returned marked "addressee Unknown."

This Court disallowed Louis' claim by order of July 20, 1987. The Court sent to Louis at 3500 Preston Place on July 27, 1987, a Notice of Disallowed Claim and a form styled Request for Reinstatement. This correspondence was returned on August 20, 1987, marked "Address Unknown." The Court-imposed deadline for seeking reinstatement of her claim was September 15, 1997.

Louis became aware that her claim had been disallowed in April, 1990. After filing a civil suit against the Trust, Louis' attorneys learned of the disallowance in a telephone conversation with an attorney for the Trust. In August, 1990, Louis, by counsel, filed a Motion for Rule 60(b) Reconsideration,[1] and asked in August, 1993 that a hearing be set.

The Trust responded in opposition to the motion and the request for hearing in September, 1993. The Trust contends that Louis' motion is both untimely and without merit.

▮ The Fourth Circuit recently set forth the process for considering a motion pursuant to Rule 60(b).[2] *See National Credit Union Administration Board v. Gray,* 1 F.3d 262, 264–66 (4th Cir.1993). As a threshold matter, the movant must show that the motion is timely, that she has a meritorious defense to the order or judgment, and that setting aside the order or judgment would not unfairly prejudice the opposing party. *Id.* at 264, citing *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir.1987); *see Smith v. Bounds,* 813 F.2d 1299, 1303 (4th

---

1. In *In re A.H. Robins Company, Inc. (Wiltz),* 862 F.2d 1092 (4th Cir.1988), the Fourth Circuit affirmed this Court's order of July 20, 1987, disallowing Louis' claim, as well as many other claims against the Dalkon Shield Claimants Trust. In *Wiltz* the Fourth Circuit confirmed the right of Dalkon Shield claimants to challenge disallowance of claims under either Federal Rules of Bankruptcy Rule 9006(b)(1) or Federal Rules of Civil Procedure Rule 60(b). *Id.* at 1097; *see also Maressa v. A.H. Robins Company, Inc.,* 839 F.2d 220, 221 (4th Cir.1988).

2. Federal Rule of Civil Procedure 60(b) states:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Cir.1987); *Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir.1984).

▆▆ After satisfying the threshold considerations, the movant must satisfy one of the six grounds for relief enumerated in Rule 60(b). *National Credit Union Administration Board*, 1 F.3d at 266. Two of these grounds are pertinent to Lewis' motion. First, clause (b)(1) allows relief for reasons of "mistake, inadvertence, surprise, or excusable neglect," provided that the motion is made within a reasonable time and not more than one year after the judgment or order from which relief is sought. Fed.R.Civ.Pro. 60(b)(1). Second, clause (b)(6) is a catchall provision which gives the court broad equitable power to grant relief from judgment "for any other reason," generally granted only in extraordinary circumstances. Fed.R.Civ. Pro. 60(b)(6); *Klapprott v. United States*, 335 U.S. 601, 613–14, 69 S.Ct. 384, 389–90, 93 L.Ed. 266 (1949). Clause (b)(6) does not apply an absolute limitation period, requiring only that the motion be made within a reasonable time after judgment or order. However, it is well established that a movant may not take advantage of the broad language of clause (b)(6) merely to circumvent the time limitation periods of other clauses within the rule. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 & n. 11, 108 S.Ct. 2194, 2204 & n. 11, 100 L.Ed.2d 855 (1988) (motion under Rule 60(b)(6) may not be premised on grounds for relief enumerated in clauses (b)(1) through (b)(5); *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389–90, 93 L.Ed. 266 (1949) ("party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in clause (1)—'mistake, inadvertence, surprise, or excusable neglect'"); *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir.) (same), *cert. denied*, 506 U.S. 821, 113 S.Ct. 70, 121 L.Ed.2d 36 (1992).

· Louis's motion fails on the threshold question of timeliness. She seeks relief on the basis that she did not actually receive any notices or correspondence related to her claim. She did, however, receive legally sufficient notice because such notice was mailed to her address of record. The reason she failed to actually receive that mail was her own failure to inform the Trust or the Court of where she could be reached. She offers no explanation for her failure, during the four years between March, 1986, and April, 1990, to make any attempt to give the Court or the Trust her new address, or to contact them in any way to inquire about her claim. Therefore, Louis' motion is based on a plea of excusable neglect under Rule 60(b)(1), and therefore must satisfy the absolute one-year time limit of that clause. It does not. Her motion was filed on August 14, 1990, more than three years after her claim was disallowed on July 20, 1987.

▆▆ Even if, *arguendo*, Louis' motion could be considered under clause 60(b)(6), which it cannot be under Supreme Court and Fourth Circuit precedent, it is also untimely. Clause 60(b)(6) requires that a motion for relief be filed within a reasonable time. Whether a Rule 60(b) motion is filed within a reasonable time is determined from the particular circumstances involved, the extent of prejudice to the non-movant if relief is granted, and the hardship to the movant if relief is denied. *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2nd Cir.1981). In this case, prejudice to the Trust by the addition of one claimant is minor, whereas the hardship to a Claimant of a disallowed claim could be significant. However, here, the Claimant's hardship is of her own making—she failed to receive Trust and Court correspondence because for four years she failed to tell the Trust or the Court where to find her and failed to prosecute her claim with so much as a telephone call. It is not reasonable for a claimant to sit silent and idle for four years after changing addresses, without making the slightest attempt to find out the status of her claim, especially in light of her failure to have received any acknowledgement of her claim from the Trust.

Further, Louis' motion would fail under clause 60(b)(6) because she asserts no extraordinary circumstances explaining her years of inaction and justifying relief. She simply asserts that she received no correspondence, admittedly through her own failure to give the Court and the Trust her correct address.

In summary, Louis' motion falls within the scope of Rule 60(b)(1) because the basis of her plea is that she neglected to give the Court or the Trust her changed address. Her motion fails because she did not make it within the one-year time limitation of Rule 60(b)(1). Under well-established precedent, Louis' motion cannot be considered under the more flexible criteria of Rule 60(b)(6). However, even if it could be so considered, it would fail. Louis' four years of unexplained failure to contact the Trust or the Court for any reason satisfies neither the requirement of reasonable timeliness nor the requirement of extraordinary circumstances.

