See also, 862 F.2d 1092.

**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor, Employer's Tax Identification No. 54–0486348.**

**Dixie J. PORTER, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

April 26, 1996.

Dixie J. Porter, Aloha, Oregon, pro se.

Melody G. Foster, Richmond, Virginia, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on a Motion by Dalkon Shield Claimant Dixie J. Porter ("Porter") for Reinstatement of her Disallowed Dalkon Shield Claim. For the reasons which follow, the Motion will be denied.

### I.

On November 22, 1985, this Court entered an Order [1] establishing a two-step process for all Dalkon Shield claimants to follow in order to perfect their Dalkon Shield claims. First, the claimant was required to register a claim on or before April 30, 1986 (the "Bar Date") by submitting a postcard, letter or other writing.[2] Second, the claimant needed to complete a two-page questionnaire and return it to the Court by June 30, 1986.

On March 11, 1986, the United States Bankruptcy Court for the Eastern District of Virginia received a proof of claim for Porter. The paper was unsigned, but gave Porter's name, address, and date that she was allegedly inserted with the Dalkon Shield. In accordance with the November 22, 1985, Bar Date Order, the Clerk mailed an Initial Questionnaire [3] to Porter at the address provided in the proof of claim.[4] The questionnaire stated that "[e]ach individual who has made a claim must complete and return this questionnaire," and explained that the completed questionnaire must be returned by June 30, 1986. Claimants were only required to pro-

vide basic information and were not asked to submit any medical information or supporting documentation. The Court, however, never received a completed Initial Questionnaire from Porter.

Sometime between May 22, 1987 and June 2, 1987, the Clerk mailed a Second Questionnaire to Porter at the same address provided in her proof of claim. The Second Questionnaire was sent by order of this Court, in an effort to give claimants another opportunity to complete the claims filing process. The Second Questionnaire warned Porter that this was her "*final* opportunity to file a complete questionnaire and to explain why the earlier questionnaire was not returned." (emphasis in original). Additionally, the Second Questionnaire stated that (1) "your claim will be disallowed without further notice if you do not timely return the questionnaire" and (2) "the reply must be postmarked [or delivered to the Court] not later than July 15, 1987 or it will not be processed and your claim will be disallowed without further notice." The Second Questionnaire sent to Porter was returned to the Court on June 3, 1987, marked "Return to Sender, Moved Left No Address." Neither Porter nor anyone on her behalf ever notified the Court of any change of address.

On July 20, 1987, this Court entered an "Order of Disallowance," disallowing all claimants who had failed to return the Second Questionnaire by the July 15, 1987, deadline. The Order of Disallowance stated that these claimants were "barred ... from ever obtaining compensation arising out of any present or future injury ... from any alleged use of the Dalkon Shield." Having received no response to either of the first two questionnaires, Porter's claim was disallowed by this Order.

The Court then sent a "Notice of Disallowed Claim" to all affected claimants, advis-

---

1. This Order established a worldwide notification campaign that required A.H. Robins Company, Inc., to give notice of the Bar Date to all known and unknown but potential Dalkon Shield Claimants. *See Vancouver Women's Health Collective Society v. A.H. Robins Co., Inc.*, 820 F.2d 1359, 1360 (4th Cir.1987).

2. The proof of claim was only required to contain basic information, such as the claimant's name and address.

3. This Court approved the form of the Initial Questionnaire in an Order dated December 3, 1985.

4. The Initial Questionnaire was sent on April 16, 1986, to 2800 S.W. 185th St., Apartment # 6, Aloha, Oregon 97006, the address provided in her proof of claim.

ing them that the Court would reconsider the disallowance of their claims as long as it received a written request for reconsideration on or before September 11, 1987. To help claimants, the Court sent a "Reinstatement Request Form" to holders of disallowed claims. This form asked claimants to choose between either (1) having a hearing on their reinstatement request or (2) submitting written reasons why their claim should be reinstated.

The Court sent Porter both the Notice of Disallowed Claim and the Reinstatement Request Form to the address provided in her proof of claim. These documents were returned to the Court on August 17, 1987, once again marked "Return to Sender, Moved Left No Address."

Porter never received the Notice of Disallowed Claim or Reinstatement Request Form, because she never informed the Clerk of her address change. Therefore, she never requested the Court to reinstate her claim after entry of this Court's Disallowance Order of July 20, 1987. This "failure to seek a hearing or to submit a written explanation, within the time allotted ... result[ed] in the disallowance becoming final...." (*see* Notice of Disallowed Claim, July 27, 1987.)

On May 14, 1990, Porter filed a Motion for Reconsideration of her disallowed claim.[5] In her Motion, she alleges that she never filed her proof of claim and did not become aware that a claim had been filed on her behalf until 1990. She asserts that a family member must have filed her claim, but does not recall anyone ever doing so. Porter admits that the address contained in her proof of claim was correct, but claims that she was inserted with the Dalkon Shield on September 12, 1973, rather than in November, 1973. Porter offers no explanation as to why she failed to return the Initial Questionnaire, except to state that she knew nothing of the claims process until 1990.

## II.

■ Federal Rule of Civil Procedure 60(b)(1) provides relief from a final order based on mistake, inadvertence, surprise, or excusable neglect. In *In re A.H. Robins Co. (Louis v. Dalkon Shield Claimants Trust,* 197 B.R. 488 (E.D.Va.1994), this Court held that "inadequate notice," as a ground for relief from a Disallowance Order, falls within the "excusable neglect" clause of Rule 60(b)(1). Therefore, Porter's motion will be reviewed under the excusable neglect standard of Rule 60(b)(1).

■ To secure relief under Rule 60(b)(1), Porter must demonstrate, among other things, that she was not at fault and that the Trust will not be prejudiced if relief is awarded. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 811 (4th Cir.1988). Relief will be granted only where the moving party can demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto Ins. Co.,* 993 F.2d 46, 48 (4th Cir.1993). Porter maintains that because she did not file her own claim, she should not be held accountable for failing to return the required information to the Trust or for failing to notify the Court and the Trust of her address change. She maintains that a family member filed a claim without her permission, never told her about it, and then failed to pursue the claim. The Court finds this story unpersuasive and lacking the exceptional circumstances necessary for relief.

The mere fact that Porter did not file her own claim does not entitle her to 60(b)(1) relief. Porter concedes that the address on the claim form was correct, however her only excuse for not receiving the Initial Questionnaire was that mail was often misdelivered to that address. Furthermore, the Initial Questionnaire was never returned to the Court as nondeliverable. Therefore, the Court believes that the Initial Questionnaire was in fact delivered to Porter or someone living with her at that residence.

The Trust fulfilled its duty by sending Porter notice of all relevant deadlines to the

**5.** In *In re A.H. Robins Company, Inc. (Wiltz),* 862 F.2d 1092 (4th Cir.1988), the Fourth Circuit affirmed this Court's order of July 20, 1987, disallowing Porter's claim, as well as many other claims against the Dalkon Shield Claimants Trust. In *Wiltz,* the Fourth Circuit confirmed the right of Dalkon Shield claimants to challenge disallowance of claims under either Federal Rules of Bankruptcy Rule 9006(b)(1) or Federal Rules of Civil Procedure Rule 60(b). *Id.* at 1097; *see also Maressa v. A.H. Robins Company, Inc.,* 839 F.2d 220, 221 (4th Cir.1988).

address provided in her proof of claim. This was the only address available, since neither Porter, nor the individual who filed a claim on her behalf, ever notified the Court or the Trust of an address change. Moreover, the Trust would be greatly harmed if the Court granted the requested relief. For the Court to allow Porter to be reinstated would open the floodgates and strike an uneven balance between the personal interests of Porter and the interests of the other claimants as a whole.

Porter has failed to demonstrate the exceptional circumstances necessary for relief under the "excusable neglect" standard of Rule 60(b)(1). Therefore, the Motion for Relief from her Disallowed Claim will be DENIED.