**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Rita Jane CASEY, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

March 31, 1997.

Rita Jane Casey, Detroit, MI, pro se.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Movant Rita Jane Casey's ("Casey") Motion For Reinstatement of her disallowed Dalkon Shield claim.[1] The Trust opposes Casey's Motion. The parties have not asked to be heard on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Motion.

### I.

The procedures employed by this Court with respect to the disallowance of Dalkon Shield claims has been outlined by this Court on numerous occasions. *See, e.g., In re A.H. Robins Co. (Porter v. Dalkon Shield Claimants Trust )*, 197 B.R. 613 (E.D.Va.1996); *In re A.H. Robins Co. (Louis v. Dalkon Shield Claimants Trust )*, 197 B.R. 488 (E.D.Va. 1994). The Court will therefore only briefly summarize the facts which are relevant to this Motion. On May 2, 1986, the Bankruptcy Court received a proof of claim in the form of a postcard from Casey.[2] The postcard included a return address to which the Court could direct further correspondence. The Trust's records indicate that the Clerk mailed both an Initial Questionnaire and Second Questionnaire to Casey at the address provided on her proof of claim. Neither questionnaire was completed by Casey or returned to the Court as nondeliverable. Accordingly, on July 20, 1957, this Court entered an "Order of Disallowance," disallowing all claimants, including Casey, who had failed to return the Second Questionnaire by the July 15, 1987 deadline. (Docket No. 3330). The Order of Disallowance stated that these claimants were "barred ... from ever obtaining compensation arising out of any present or future injury ... from any alleged use of the Dalkon Shield." Having received no response to either of the first two questionnaires, Casey's claim was disallowed by this Order.

The Court then sent Casey a "Notice of Disallowed Claim" and a "Reinstatement Request Form" to her address of record.[3] These documents were not returned to the Court or to the Trust as nondeliverable. This notice advised the recipient that the Court would reconsider the disallowance of the claim if it received the claimant's written request for reconsideration on or before September 11, 1987. Casey did not timely request that the Court reinstate her claim. Accordingly, her "failure to seek a hearing to submit a written explanation, within the time allotted ... result[ed] in the disallowance becoming final." See Notice of Disallowed Claim.

On September 21, 1990 Casey filed her Motion For Reinstatement.[4] In support of her Motion, Casey states that "I never received [The questionnaires], possibly because I left New Hampshire and moved to Texas

1. Casey sent a letter to the Bankruptcy Court on September 7, 1990 seeking reinstatement of her disallowed claim. The Court docketed Casey's correspondence as a Motion For Reinstatement under Federal Rule of Civil Procedure 60(b). *See In re A.H. Robins Co. (Wiltz), 862 F.2d 1092 (4th Cir.1988).* The Court also notes that Casey appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

2. A copy of Casey's proof of claim is attached to the Trust's Response as Exhibit B.

3. A copy of the Notice of Disallowed Claim, addressed to Casey, is attached to the Trust's Response as Exhibit E.

4. In *Wiltz,* 862 F.2d 1092, the Fourth Circuit affirmed this Court's Order of July 20, 1987, disallowing Casey's claim, as well as many other claims against the Trust. The Fourth Circuit also confirmed the right of Dalkon Shield claimants to challenge disallowance of claims under either Federal Rule of Bankruptcy 9006(b)(1) or Federal Rule of Civil Procedure 60(b). *Id.* at 1097; *see also Maressa v. A.H. Robins Co.,* 839 F.2d 220, 221 (4th Cir.1988).

not long after mailing the [proof of claim]." Mot. at. 1.

## II.

In *In re A.H. Robins Co. (Louis v. Dalkon Shield Claimants Trust)*, 197 B.R. 488 (E.D.Va.1994), this Court held that inadequate notice, as a ground for relief from the Disallowance Order, falls within the "excusable neglect" clause of Fed.R.Civ.P. 60(b)(1). *Id.* at 490; *In re A.H. Robins Co. (Porter v. Dalkon Shield Claimants Trust)*, 197 B.R. 613, 615 (E.D.Va.1996). Casey's Motion is therefore reviewed under the excusable neglect standard of Rule 60(b)(1).

As a threshold matter, Casey is entitled to relief under Rule 60(b)(1) only if her motion was made within a reasonable time and not more than one year after the judgment or order from which relief is sought. Fed.R.Civ.P. 60(b)(1). Casey's Motion fails on the question of timeliness. The record reflects that her claim was disallowed on July 20, 1987. Three years later, Casey filed her Motion To Reinstate. Because her Motion was not filed within the one year period allowed by Rule 60(b)(1), the Motion is untimely. Accordingly, the Court will deny Casey's Motion.