**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Janice L. BAUER, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**Bankruptcy No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

May 19, 1997.

Leslie Stead, Indianapolis, IN, for Janice L. Bauer.

Anne M. Glenn, Richmond, VA, Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

### MEMORANDUM

Contested Matter *

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on Movant Janice L. Bauer's ("Bauer") Motion For Reinstatement of her disallowed Dalkon Shield

* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before

The Honorable Richard L. Williams. The Court

claim.[1] Respondent Dalkon Shield Claimants Trust (the "Trust") opposes Bauer's Motion. The parties have not asked to be heard on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Motion.

## I.

The procedures employed by this Court with respect to the disallowance of Dalkon Shield claims have been outlined by this Court on numerous occasions. *See. e.g., In re A.H. Robins Co. (Porter v. Dalkon Shield Claimants Trust),* 197 B.R. 613 (E.D.Va. 1996); *In re A.H. Robins Co. (Louis v. Dalkon Shield Claimants Trust),* 197 B.R. 488 (E.D.Va.1994). The Court will therefore only briefly summarize the facts which are relevant to this motion. On January 17, 1986, the Bankruptcy Court received a proof of claim in the form of a postcard from Bauer. (Trust Ex. B). The postcard included a return address to which the Court could direct further correspondence. The Trust's records indicate that the Clerk mailed both an Initial Questionnaire and Second Questionnaire to Bauer at the address provided on her proof of claim. Neither questionnaire was completed by Bauer or returned to the Court as nondeliverable. Accordingly, on July 20, 1987, this Court entered an "Order of Disallowance," disallowing all claimants, including Bauer, who had failed to return the Second Questionnaire by the July 15, 1987 deadline. (Docket No. 3330). The Order of Disallowance stated that these claimants were

"barred ... from ever obtaining compensation arising out of any present or future injury ... from any alleged use of the Dalkon Shield." *Id.* Having received no response to either of the first two questionnaires, Bauer's claim was disallowed by this Order.

The Court then sent Bauer a "Notice of Disallowed Claim" and a "Reinstatement Request Form" to her address of record. (Trust Ex. E & F). This notice advised the recipient that the Court would reconsider the disallowance of the claim if it received the claimant's written request for reconsideration on or before September 11, 1987. Bauer did not request that the Court reinstate her claim by September 11, 1987. Accordingly, her "failure to seek a hearing to submit a written explanation, within the time allotted ... result[ed] in the disallowance becoming final." *See* Notice of Disallowed Claim.

On May 31, 1994, Bauer submitted a document entitled "Notice Of Claim" to the Trust. (Trust Ex. H). By a letter dated June 14, 1994, the Trust acknowledged receipt of Bauer's Notice Of Claim and informed her that she already had a claim with the Trust that was previously disallowed. (Trust Ex. I). Subsequently, the Trust wrote to counsel for Bauer and explained that because Bauer has previously filed a timely Dalkon Shield claim, she was not eligible for compensation as a late claimant. (Trust Ex. J).[2] On December 29, 1994, Bauer filed the Motion For Reinstatement which is now before the Court.[3]

---

hereby certifies that the regularly presiding judge is unable to proceed, that the Court is familiar with the record, and that proceedings in this matter may be completed without prejudice to the parties.

1. On December 29, 1994, Bauer filed a "Motion To Reconsider," which sought reinstatement of Bauer's disallowed claim. (Docket No. 21134). The Court docketed this pleading as a Motion For Reinstatement under Federal Rule of Civil Procedure 60(b). *See In re A.H. Robins Co. (Wiltz),* 862 F.2d 1092 (4th Cir.1988). Bauer has also filed a "Request For Ruling On Motion To Reconsider," (Docket No. 25189), which the

Court construes as a reply to the Trust's brief in opposition.

2. The Trust is correct. Pursuant to § G.15 of the Claims Resolution Facility ("CRF"), only those individuals who did not submit a proof of claim by the Bar Date and who were not previously disallowed by the Court were eligible for compensation as Late Claimants. CRF § G.15.

3. In *Wiltz,* 862 F.2d 1092, the Fourth Circuit affirmed this Court's Order of July 20, 1987, disallowing Bauer's claim, as well as many other claims against the Trust. The Fourth Circuit also

## II.

 In her reply brief, Bauer argues that the Court should reinstate her claim because she alleges to have never received any notice of disallowance from the Court.[4] Bauer contends that the "[t]he placing of a letter in the mailbox ... [is not] notice of its contents; only receipt can do that." On this point, Bauer is plainly mistaken. This Court has previously held that in the context of disallowed claims, the mailing of correspondence to a claimant's address of record constitutes legally sufficient notice. *In re A.H. Robins Co. (Louis),* 197 B.R. at 490.[5] This Court further held that inadequate notice, as a ground for relief from the Disallowance Order, falls within the "excusable neglect" clause of Fed.R.Civ.P. 60(b)(1). *Id.; In re A.H. Robins Co. (Porter),* 197 at 615. Bauer's Motion is therefore reviewed under the excusable neglect standard of Rule 60(b)(1).

 As a threshold matter, Bauer is entitled to relief under Rule 60(b)(1) only if her motion was made within a reasonable time and not more than one year after the judgment or order from which relief is sought. Fed.R.Civ.P. 60(b)(1). Bauer's Motion fails on the question of timeliness. The record reflects that her claim was disallowed on July 20, 1987. More than seven years later, Bauer filed her Motion For Reinstatement.[6] Because her Motion was not filed within the one year period allowed by Rule 60(b)(1), the Motion is untimely. Accordingly, the Court will deny Bauer's Motion.

An appropriate Order shall enter.

---

confirmed the right of Dalkon Shield claimants to challenge disallowance of claims under either Federal Rule of Bankruptcy 9006(b)(1) or Federal Rule of Civil Procedure 60(b). *Id.* at 1097; *see also Maressa v. A.H. Robins Co.,* 839 F.2d 220, 221 (4th Cir.1988).

4. In support of her Motion, Bauer submits an unnotarized affidavit in which she states that she does "not recall receiving the documents and notices from the Court." (Aff.¶ 6). Bauer offers no explanation, however, why she would not have received the Court's communications. Moreover, Bauer does not dispute that her address of record with the Trust is her correct mailing address.

5. Bauer cites Fed.R.Civ.P. 6(e) and *In re Levens (Nichols v. Levens),* 563 F.2d 1223, 1225 (5th Cir.1977) to support her contention that actual, rather than constructive, notice is required. Bauer's reliance on this authority is misplaced. First, Rule 6(e) concerns "Filing with the Court Defined," and is inapplicable to this matter. Second, in *Levens,* the Fifth Circuit held that because a bankruptcy trustee failed to file a report within the time prescribed by a rule, the court would toll the running of the time period for creditors to file objections until the creditors received actual notice of the trustee's report. The court reasoned that to hold otherwise would burden creditors with an open-ended duty to check court records. Such a concern is not implicated in Bauer's case, however, because Bauer was properly served with the notices and was not required to check court records in order to learn of her disallowance.

6. Even if the Court were to construe Bauer's May 31, 1994 Notice Of Claim as a Motion For Reinstatement, the motion would be untimely.