### In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

**Mary L. FOX, Movant,**

v.

### DALKON SHIELD CLAIMANTS TRUST, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

May 19, 1997.

---

3. In *Wiltz*, 862 F.2d 1092, the Fourth Circuit affirmed this Court's Order of July 20, 1987, disallowing Wagner's claim, as well as many other claims against the Trust. The Fourth Circuit also confirmed the right of Dalkon Shield claimants to challenge disallowance of claims under either Federal Rule of Bankruptcy 9006(b)(1) or Federal Rule of Civil Procedure 60(b). *Id.* at 1097; *see also Maressa v. A.H. Robins Co.*, 839 F.2d 220, 221 (4th Cir.1988).

Mary L. Fox, Idaho Falls, ID, pro se.

Anne M. Glenn, Richmond, VA, Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

Contested Matter *

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on Movant Mary L. Fox's ("Fox") Motion For Reinstatement of her disallowed Dalkon Shield claim.[1] The Trust opposes Fox's Motion. The parties have not asked to be heard on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Motion.

## I.

The procedures employed by this Court with respect to the disallowance of Dalkon Shield claims has been outlined by this Court on numerous occasions. *See. e.g., In re A.H. Robins Co. (Porter v. Dalkon Shield Claimants Trust),* 197 B.R. 613 (E.D.Va.1996); *In re A.H. Robins Co. (Louis v. Dalkon Shield Claimants Trust),* 197 B.R. 488 (E.D.Va. 1994). The Court will therefore only briefly summarize the facts which are relevant to this Motion. On March 17, 1986, the Bankruptcy Court received a proof of claim in the form of a postcard from Fox. (Trust Ex. B). The postcard included a return address to which the Court could direct further corre-

* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before The Honorable Richard L. Williams. The Court hereby certifies that the regularly presiding judge is unable to proceed, that the Court is familiar with the record, and that proceedings in this matter may be completed without prejudice to the parties.

1. Fox sent a letter to the Bankruptcy Court on July 26, 1989 seeking reinstatement of her disallowed claim. On August 14, 1989, the Court docketed Fox's correspondence as a Motion For Reinstatement under Federal Rule of Civil Procedure 60(b). *See In re A.H. Robins Co. (Wiltz),* 862 F.2d 1092 (4th Cir.1988) The Court notes that Fox appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

spondence. The Trust's records indicate that the Clerk mailed both an Initial Questionnaire and Second Questionnaire to Fox at the address provided on her proof of claim. Neither questionnaire was completed by Fox.[2] Accordingly, on July 20, 1987, this Court entered an "Order of Disallowance," disallowing all claimants, including Fox, who had failed to return the Second Questionnaire by the July 15, 1987 deadline. (Docket No. 3330). The Order of Disallowance stated that these claimants were "barred ... from ever obtaining compensation arising out of any present or future injury from any alleged use of the Dalkon Shield." Having received no response to either of the first two questionnaires, Fox's claim was disallowed by this Order.

The Court then sent Fox a "Notice of Disallowed Claim" and a "Reinstatement Request Form" to her address of record. (Trust Ex. F). This notice advised the recipient that the Court would reconsider the disallowance of the claim if it received the claimant's written request for reconsideration on or before September 11, 1987. These documents were returned to the Court on August 17, 1987, marked "Moved. Left No Address." (Trust Ex. H). Fox did not request that the Court reinstate her claim by September 11, 1987. Accordingly, her "failure to seek a hearing to submit a written explanation, within the time allotted ... result[ed] in the disallowance becoming final." See Notice of Disallowed Claim.

On August 14, 1989, Fox filed her Motion For Reinstatement.[3] In support of her Motion, Fox states: "Shortly after filing my first bit of paperwork[,] I moved to another state, not hearing anymore until resently [sic]." (Mot. at 1).

## II.

 In *In re A.H. Robins Co. (Louis v. Dalkon Shield Claimants Trust)*, 197 B.R. 488 (E.D.Va.1994), this Court held that inadequate notice, as a ground for relief from the Disallowance Order, falls within the "excusable neglect" clause of Fed.R.Civ.P. 60(b)(1). *Id.* at 490; *In re A.H. Robins Co. (Porter v. Dalkon Shield Claimants Trust)*, 197 B.R. 613, 615 (E.D.Va.1996). Fox's Motion is therefore reviewed under the excusable neglect standard of Rule 60(b)(1).

As a threshold matter, Fox is entitled to relief under Rule 60(b)(1) only if her motion was made within a reasonable time and not more than one year after the judgment or order from which relief is sought. Fed. R.Civ.P. 60(b)(1). Fox's Motion fails on the question of timeliness. The record reflects that her claim was disallowed on July 20, 1987. More than two years later, Fox filed her Motion For Reinstatement. Because her Motion was not filed within the one year period allowed by Rule 60(b)(1), the Motion is untimely. Accordingly, the Court will deny Fox's Motion.

An appropriate Order shall enter.

---

**2.** The Initial Questionnaire was returned to the Court on June 2, 1986 marked "Undeliverable as Addressed, Forwarding Order Expired." (Trust Ex. D). The Second Questionnaire, however, was not returned to the Court by the post office as nondeliverable.

**3.** In *Wiltz*, 862 F.2d 1092, the Fourth Circuit affirmed this Court's Order of July 20, 1987, disallowing Fox's claim, as well as many other claims against the Trust. The Fourth Circuit also confirmed the right of Dalkon Shield claimants to challenge disallowance of claims under either Federal Rule of Bankruptcy 9006(b)(1) or Federal Rule of Civil Procedure 60(b). *Id.* at 1097; *see also Maressa v. A.H. Robins Co.*, 839 F.2d 220, 221 (4th Cir.1988).