### In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

### Karen WAGNER, Movant,

### v.

### DALKON SHIELD CLAIMANTS TRUST, Respondent.

### No. 85–01307–R.

United States District Court,
E.D. Virginia,
Richmond Division.

May 20, 1997.

---

---

William L. Benefiel, Benefiel, Farber & Glista, Kalamazoo, MI, for Karen Wagner.

Anne M. Glenn, Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

---

* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before The Honorable Richard L. Williams. The Court hereby certifies that the regularly presiding judge is unable to proceed, that the Court is familiar with the record, and that proceedings in this matter may be completed without prejudice to the parties.

1. On April 9, 1990, Wagner filed a "Motion For Reconsideration Of Disallowance Of Claim,"

*MEMORANDUM*

Contested Matter *

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on Movant Karen Wagner's ("Wagner") Motion For Reinstatement of her disallowed Dalkon Shield claim.[1] Respondent Dalkon Shield Claimants Trust (the "Trust") opposes Wagner's Motion. The parties have not asked to be heard on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Motion.

## I.

The procedures employed by this Court with respect to the disallowance of Dalkon Shield claims have been outlined on numerous occasions. *See, e.g., In re A.H. Robins Co. (Porter v. Dalkon Shield Claimants Trust),* 197 B.R. 613 (E.D.Va.1996); *In re A.H. Robins (Louis v. Dalkon Shield Claimants Trust),* 197 B.R. 488 (E.D.Va.1994). The Court will therefore only briefly summarize the facts which are relevant to this motion. On April 30, 1986, the Bankruptcy Court received a proof of claim in the form of a letter from Wagner. (Trust Ex. A). The letter included a return address to which the Court could direct further correspondence. The Trust's records indicate that the Clerk mailed both an Initial Questionnaire and Second Questionnaire to Wagner at the address provided on her proof of claim. Neither questionnaire was completed by Wagner or returned to the Court as nondeliverable.[2] Accordingly, on July 20, 1987, this Court

which sought reinstatement of Wagner's disallowed claim. (Docket No. 6964). The Court docketed this pleading as a Motion For Reinstatement under Federal Rule of Civil Procedure 60(b). *See In re A.H. Robins Co. (Wiltz),* 862 F.2d 1092 (4th Cir.1988).

2. Wagner did, however, submit a completed Initial Questionnaire as an attachment to her 1990 Motion.

entered an "Order of Disallowance," disallowing all claimants, including Wagner, who had failed to return the Second Questionnaire by the July 15, 1987 deadline. (Docket No. 3330). The Order of Disallowance stated that these claimants were "barred ... from ever obtaining compensation arising out of any present or future injury ... from any alleged use of the Dalkon Shield." *Id.* Having received no response to either of the first two questionnaires, Wagner's claim was disallowed by this Order.

The Court then sent Wagner a "Notice of Disallowed Claim" and a "Reinstatement Request Form" to her address of record. (Trust Ex. D & E). This notice advised the recipient that the Court would reconsider the disallowance of the claim if it received the claimant's written request for reconsideration on or before September 11, 1987. Wagner did not request that the Court reinstate her claim by September 11, 1987. Accordingly, her "failure to seek a hearing to submit a written explanation, within the time allotted ... result[ed] in the disallowance becoming final." *See* Notice of Disallowed Claim.

On April 9, 1990, Wagner filed her Motion For Reinstatement.[3] In her Motion, Wagner argues that the Court should reinstate her claim on the grounds that she changed her address and consequently did not receive the Court's communications. Wagner also states that had "considerable stress and difficulties with legal claims" related to one of her homes, which resulted in the loss of her home. (Aff.¶ 5).

## II.

 In *In re A.H. Robins Co. (Louis)*, 197 B.R. at 490, this Court further held that inadequate notice, as a ground for relief from the Disallowance Order, falls within the "excusable neglect" clause of Fed.R.Civ.P. 60(b)(1). *Id.; In re A.H. Robins Co. (Porter)*, 197 B.R. at 615. Wagner's Motion is

therefore reviewed under the excusable neglect standard of Rule 60(b)(1).

 As a threshold matter, Wagner is entitled to relief under Rule 60(b)(1) only if her motion was made within a reasonable time and not more than one year after the judgment or order from which relief is sought. Fed.R.Civ.P. 60(b)(1). Wagner's Motion fails on the question of timeliness. The record reflects that her claim was disallowed on July 20, 1987. Over two years later, Wagner filed her Motion For Reinstatement. Because her Motion was not filed within the one year period allowed by Rule 60(b)(1), the Motion is untimely. Accordingly, the Court will deny Wagner's Motion.

An appropriate Order shall enter.

---

**3.** In *Wiltz,* 862 F.2d 1092, the Fourth Circuit affirmed this Court's Order of July 20, 1987, disallowing Wagner's claim, as well as many other claims against the Trust. The Fourth Circuit also confirmed the right of Dalkon Shield claimants to challenge disallowance of claims under either Federal Rule of Bankruptcy 9006(b)(1) or Federal Rule of Civil Procedure 60(b). *Id.* at 1097; *see also Maressa v. A.H. Robins Co.,* 839 F.2d 220, 221 (4th Cir.1988).