**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Hortensia PADILLA, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**Bankruptcy No. 85–01307–R.**
**Adversary No. 29965.**

United States District Court,
E.D. Virginia,
Richmond Division.

May 28, 1997.

Lafayette M. Beers, Grand Rapids, MI, for Hortensia Padilla.

Anne M. Glenn, Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

Contested Matter *

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on Movant Hortensia Padilla's ("Padilla") Motion For

---

* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before The Honorable Richard L. Williams. The Court hereby certifies that the regularly presiding judge is unable to proceed, that the Court is familiar with the record, and that proceedings in this matter may be completed without prejudice to the parties.

Reinstatement of her disallowed Dalkon Shield claim.[1] Respondent Dalkon Shield Claimants Trust (the "Trust") opposes Padilla's Motion. The parties have not asked to be heard on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Motion.

## I.

The procedures employed by this Court with respect to the disallowance of Dalkon Shield claims have been outlined on numerous occasions. *See, e.g., In re A.H. Robins Co. (Porter v. Dalkon Shield Claimants Trust)*, 197 B.R. 613 (E.D.Va.1996); *In re A.H. Robins (Louis v. Dalkon Shield Claimants Trust)*, 197 B.R. 488 (E.D.Va.1994). The Court will therefore only briefly summarize the facts which are relevant to this motion. On April 28, 1986, the Bankruptcy Court received numerous medical records from Padilla. Trust Ex. A. The Bankruptcy Court treated this submission as a proof of claim and assigned Padilla a Dalkon Shield claim number. Although there was no correspondence accompanying the medical records, the documents contained an address for Padilla: 24 Grove Street, Sparta, Michigan 49345. The Court used this address as Padilla's address of record.

The Trust's records indicate that the Clerk mailed both an Initial Questionnaire and Second Questionnaire to Padilla at her address of record. Neither questionnaire was completed by Padilla or returned to the Court as nondeliverable. Accordingly, on July 20, 1987, this Court entered an "Order of Disallowance," disallowing all claimants, including Padilla, who had failed to return the Second Questionnaire by the July 15, 1987 deadline. (Docket No. 3330). The Order of Disallowance stated that these claimants were "barred ... from ever obtaining compensation arising out of any present or future

injury ... from any alleged use of the Dalkon Shield." *Id.* Having received no response to either of the first two questionnaires, Padilla's claim was disallowed by this Order.

The Court then sent Padilla a "Notice of Disallowed Claim" and a "Reinstatement Request Form" to her address of record. Trust Ex. E & F. This notice advised the recipient that the Court would reconsider the disallowance of the claim if it received the claimant's written request for reconsideration on or before September 11, 1987. Padilla did not request that the Court reinstate her claim by September 11, 1987. Accordingly, her "failure to seek a hearing to submit a written explanation, within the time allotted ... result[ed] in the disallowance becoming final." *See* Notice of Disallowed Claim.

On July 27, 1988, Padilla wrote a letter to the Court in which she stated that the address contained in her medical records, and thus her address of record, was outdated. Trust Ex. B.[2] Padilla claimed that her correct address had been written on the outside of the envelope in which she had mailed her medical records.[3] Padilla further stated that she was aware that her claim had been disallowed and requested that the Court "let [her] back in" to the claims process. *Id.*

Several years later, on October 29, 1990, Padilla, through counsel, wrote to the Trust and requested the forms necessary to file a late claim. Trust Ex. G. The Trust notified Padilla that she was not eligible for compensation as a late claimant because pursuant to § G.15 of the Claims Resolution Facility, only those individuals who did not submit a proof of claim by the Bar Date and who have not been previously disallowed by the Court are eligible for a late claim. Trust Ex. H. The Trust further advised Padilla that it considered her case closed. *Id.*

1. On December 26, 1990, Padilla filed a "Petition For Relief From Order," which sought reinstatement of her disallowed claim. (Docket No. 10736). Pursuant to *In re A.H. Robins Co. (Wiltz)*, 862 F.2d 1092 (4th Cir.1988), the Court docketed this pleading as a Motion For Reinstatement under Federal Rule of Civil Procedure 60(b).

2. There is no indication that this letter was either filed or otherwise lodged with the Court. It is, however, contained within the Trust's records.

3. This envelope, however, is not a part of the Court's records.

On December 26, 1990, Padilla filed her Motion For Reinstatement.[4] In her Motion, Padilla "denies receiving any questionnaire or notice of disallowed claim" and asks that the Court allow her to pursue her claim against the Trust. Mot. ¶ 7.

## II.

In *In re A.H. Robins Co. (Louis)*, 197 B.R. at 490, this Court further held that inadequate notice, as a ground for relief from the Disallowance Order, falls within the "excusable neglect" clause of Fed.R.Civ.P. 60(b)(1). *Id.; In re A.H. Robins Co. (Porter)*, 197 at 615. Padilla's Motion is therefore reviewed under the excusable neglect standard of Rule 60(b)(1).

As a threshold matter, Padilla is entitled to relief under Rule 60(b)(1) only if her motion was made within a reasonable time and not more than one year after the judgment or order from which relief is sought. Fed.R.Civ.P. 60(b)(1). Padilla's Motion fails on the question of timeliness. The record reflects that her claim was disallowed on July 20, 1987. Over three years later, Padilla filed her Motion For Reinstatement.[5] Because her Motion was not filed within the one year period allowed by Rule 60(b)(1), the Motion is untimely. Accordingly, the Court will deny Padilla's Motion.

---

4. In *Wiltz*, 862 F.2d 1092, the Fourth Circuit affirmed this Court's Order of July 20, 1987, disallowing Padilla's claim, as well as many other claims against the Trust. The Fourth Circuit also confirmed the right of Dalkon Shield claimants to challenge disallowance of claims under either Federal Rule of Bankruptcy 9006(b)(1) or Federal Rule of Civil Procedure 60(b). *Id.* at 1097; *see also Maressa v. A.H. Robins Co.*, 839 F.2d 220, 221 (4th Cir.1988).

5. Even if the Court construed Padilla's July 27, 1988 letter to the Court as a Motion For Reinstatement, Padilla's motion would be untimely.